ISAIAH LEWIS *versus* MONMOUTH MUTUAL FIRE INS. CO.

By c. 34, § 5, of the Public Laws of 1861, in case of loss, under a policy against fire, the insured shall notify the company or its agent, of the fire, and, within a reasonable time afterwards, shall deliver to the company or its agent, as particular an account of the loss and damage as the nature of the case will admit, stating therein his interest in the property, what other insurance, if any, existed thereon, in what manner the building insured was occupied at the time of the fire, and by whom, and when and how the fire occurred, so far as he knows or believes; which statement shall be sworn to before some disinterested magistrate, who shall certify that he has examined the circumstances attending the loss, and has reason to believe and does believe such statement is true.

The officers of a mutual insurance company against fire have power to waive any defects in the preliminary proof required by said section.

When the directors of an insurance company find the notice or preliminary proofs of a loss to be insufficient, it becomes their duty to notify the assured of the defect.

If the directors neither make objection to the notice and proofs, nor ask for any further information in this respect, but base their objections upon the ground of over valuation, and refer the matter to their secretary for adjustment, who offers to pay a certain amount, but less than the whole; the company thereby waives any defect in the notice or preliminary proofs.

Where, by the by-laws of a mutual insurance company, it is made the duty of its secretary to keep a record of the doings of the directors and of the company, as well as to receive notice of a loss; his letters addressed to the assured, so far as they admit a notice of the loss, or communicate the doings of the directors thereon, are admissible in an action upon the policy.

Where a writ upon a policy does not set out the statute notice, the Court may allow an amended count setting out such notice, on terms.

ON REPORT from *Nisi Prius*, DANFORTH, J., presiding.

ASSUMPSIT on a policy of insurance against fire.

The writ contained a count on the policy, in which the only allegation of notice was in these words: "of which loss

the plaintiff within sixty days next after gave notice in writing to the defendants, to wit, to the secretary of said company."

The presiding Judge permitted the plaintiff on terms to amend his writ by adding another count, in which the notice as provided in c. 34, § 5 of the Public Laws of 1861, was duly set out.

Articles 3 and 6 of the by-laws of the company are as follows : —

"Art. 3. The president and directors shall cause their secretary to keep a fair account of all moneys received and disbursed, and to record all proceedings of the board and of the corporation ; which accounts and records shall be kept in some convenient place, open, at all times, for the inspection of the members ; and at each annual meeting they shall report to the corporation a full statement of their affairs, especially their funds and money concerns.

"Art. 6. When any member sustains a loss by fire, no alteration or repairs shall be made until the president or secretary shall have been notified in writing, and the directors shall have had an opportunity to examine the validity of the claim, and, if satisfied of its justice, to cause payment and satisfaction to be made. And in case of disagreement as to the amount, the directors and the assured may refer the question to arbitrators, whose decision shall be final."

No question was made as to the title of the plaintiff.

*Thomas Thompson,* called by the plaintiff, testified : — I drew the application and received it as agent of the defendants ; am their agent to procure insurance and collect bills. I fixed upon the valuation of said property in said application. Buildings were burned 20th Dec., 1861 ; I mailed a notice at Bristol addressed to Washington Wilcox, secretary of the company. I received a letter dated Feb. 26, 1862, addressed to the plaintiff, under cover to me, with request that I should see it delivered to Lewis. Said letter was signed by Washington Wilcox as secretary of the company.

Lewis *v.* Monmouth Mutual Fire Ins. Co.

*Isaiah Lewis*, plaintiff, testified : — "I paid $913 for my half of the premises. No one occupied the house after it was insured. I go to sea for a living. Was not at sea at time of fire. Bought the house on speculation. Never tried to sell it, never had an offer for it."

The following letters were introduced against defendant's objections : —

[Notice.]

"Bristol, Dec. 23, 1861.

"Mr. Wilcox, Dear Sir : — I am requested, by Isaiah Lewis, to inform you that the buildings owned by him and Erinda Wells in Damariscotta, and insured in Monmouth Insurance Company, policies No. 7306 and 7307, were burned on the 20th inst., and request that you will take such action as the case may require in regard to the insurance. Buildings a total loss, cause of fire unknown.

"Respectfully yours,

"Thomas Thompson."

[Letter, — Wilcox to Lewis.]

"Mutual Insurance Office, Monmouth, Feb. 21, 1862.

"Dear Sir : — Your claim against our insurance company has been considered by the directors, and some matters relating to the claim need some explanation in their view of the case. We wish some delay in the settlement of the matter, but in the final adjustment of the claim, you will receive your due as early as if the case should receive our immediate attention. If you will consent to some delay, I will visit your place immediately after the adjournment of the Legislature, and will come prepared to make a final wind up of the whole case, if nothing shall appear which will clearly show that you should not receive anything. I will do the same thing with Mr. Wells. I hope you will consent to my proposal, and please show this letter to Mr. Wells. We desire nothing but what is honorable and fair. We will do the honest thing with you.

"Your ob't servant,

"Washington Wilcox, *Secretary*."

[Wilcox to Lewis & al.]

"Mr. Thompson, will you please see that Lewis and Wells get this letter.                                    W. W."

"Mutual Insurance Office, Monmouth, Feb. 26, 1862.

"Gentlemen:—The present is to say to you that the directors think your house in Damariscotta, insured in our company, was somewhat over valued. We are willing to pay all you can justly claim, and if you will allow the claim to rest till near the last of March, I will come to your place prepared with money in hand to pay you for your loss, if we can settle upon some equitable terms, and I doubt not we shall be able to accomplish this end. Certainly we can if we are mutually disposed to do right. If any thing should appear previous to that time, showing that you have no equitable claim, we shall not be bound by this promise.

"Your ob't servant,

"Washington Wilcox, *Secretary.*"

"Please answer and direct to Augusta."

[Wilcox to plaintiff.]

"Mutual Insurance Office, April 3, 1862.

"Dear Sir:—I reply to your note of the 28th inst., and say that I laid your matter of loss before the board of directors at their last meeting, and, after consultation, they referred the matter to me again for adjustment, and I can only renew my former proposal to you to refer or to give you $1000, for the whole claim. Please let me hear from you at your earliest convenience, and oblige,

"Your ob't servant,

"Washington Wilcox, *Secretary.*"

[Wilcox to Kennedy & Farrington.]

"Mutual Insurance Office, Monmouth, June 7, 1862.

"Gents.:—I will be in Waldoboro' about the 20th of the present month, and will then call at your office. I hope to be able to satisfy you and your clients that we are willing to pay in the case you mention in your note, written some time since to this office, all that in justice can be claimed.

Please defer making a writ till I can see you in relation to the matter. "W. Wilcox, *Secretary*."

*Gould*, for the defendants, contended that the loss was fraudulent.

The requirements of c. 34, § 5, of the Public Laws of 1861, is a *condition precedent*, which cannot be waived by implication.

There has been no waiver.

The secretary had no *special* authority to act in the matter.

Nor by the charter or by-laws had he any *general* authority to act for the company in the adjustment of a loss, or to do anything pertaining to that subject.

It pertained to the duties of the directors *only*. Charter, §§ 4 and 7; By-laws, art. 6.

The action of the directors cannot be proved by the declarations of the secretary, either written or verbal. *Franklin Bank* v. *Cooper*, 36 Maine, 179; *Franklin Bank* v. *Cooper*, 39 Maine, 541.

No paper in the hands of the present Reporter indicates the name of the plaintiff's counsel.

The opinion of the Court was drawn by

DANFORTH, J.—The execution and delivery of the policy, which is the foundation of this action, are admitted. The defence is, that the provisions of the statute of 1861, c. 34, § 5, have not been complied with, and fraud in obtaining the policy. It is alleged on the part of the plaintiff, that whatever defects there may have been in the notice of the loss, and the preliminary proofs required by the statute, they were waived by the defendant company. There appears to be no proof in the case in regard to the preliminary proofs, and, as the burden is upon the defendant, we may fairly presume that there were deficiencies in this respect. And, in the outset, the power of the officers of the company to waive these deficiencies is denied. Instances of this kind have usually arisen under the provisions in the Act of incorporation, or by-laws, of different companies.

In some of the cases, a distinction has been made between stock companies and those which insure on the mutual principle.

It has been held that, in mutual companies, where the provisions relate to the formation of the contract, when they enter into and become a part of it, then the officers of the company cannot waive them even by express agreement. *Mowbrey* v. *Shawmut M. F. Ins. Co.*, 4 Allen, 116, and cases cited in the opinion of the Court.

On the other hand, when these provisions "do not touch the substance or essence of the contract, or affect its validity, but relate only to the form or mode, in which the liability of the company is to be ascertained and proved," then the proper officers may waive them. *Bartlett* v. *Union M. F. Ins. Co.*, 46 Maine, 500; *Clark* v. *N. E. M. F. Ins. Co.*, 6 Cush., 342; *Underhill* v. *Agawam M. F. Ins. Co.*, 6 Cush., 445; Angell on Ins., 301, and cases there cited.

In the case at bar, all things had been done by the parties, necessary to complete the contract of insurance. The validity of the contract, if obtained in good faith, is admitted, and the stipulation, a non-compliance with which is complained of, relates only to the manner in which the liability of the company is to be ascertained. This brings the case clearly within the decisions last referred to, and with these decisions we are entirely satisfied. The notice and preliminary proofs must necessarily be submitted to the officers of the company; it is for the express purpose of guiding their action; they must pass upon it, and it therefore comes within the scope of their authority to decide upon its sufficiency, and, if satisfactory to them, there is no cause for complaint.

This distinction is clearly stated in the case of *Brewer* v. *Chelsea M. F. Ins. Co.*, 14 Gray, 203.

It is, however, said, that the provisions under consideration are established by a public statute, alike applicable to all companies, and made for the protection of all. This is true, but how does it alter the case? A by-law, not repugnant to the laws of the land, and certainly an Act of incor-

poration, whenever applicable, has the same binding force as a public statute. Though the statute was made for all, it was also made for each, and, to such companies as are in a position to invoke its aid, it gives the same protection as a by-law; no more, no less. Its stipulations may then as well be waived by any particular company as though the same stipulations were embodied in a by-law of that company. Hence, it is not uncommon for an individual or corporation to waive the provisions of a public statute made for their benefit; as in the case of a writ not indorsed when required, or the want of a bond in a replevin suit. These defects, though violations of express statutes, may be waived, not only by express agreement, but also by implication. Upon both principle and authority, we hold it clear that the officers of the defendant company had the power to waive any defects there might have been in the preliminary proof required by the statute.

Have they done so? This depends upon the facts proved. As there is no proof that Woodbury was a director of, or in any way connected with the company, his acts are not to be considered. Aside from this, the proof comes mainly from the letters of Wilcox, which are objected to as inadmissible. It is admitted that he was the secretary of the defendant company. By the 3d article of their by-laws, it is made the duty of the secretary to keep a record of the doings of the directors, as well as of the company. The records, then, were properly in his possession, and it becomes his duty to notify those interested of their doings.

We find, also, by article 6th of the by-laws, that the secretary is a proper officer to receive notice of a loss. His letters, then, are admissible so far as they admit a notice of the loss, or communicate the doings of the directors thereon.

This authority of the secretary, for this purpose, is fully recognized in *Columbian Ins. Co.* v. *Lawrence*, 2 Peters, 51, 52; reported also in 8 Curtis, 17.

From these letters we learn that some notice of plaintiff's loss was received, and that the directors had action thereon.

It was the duty of the directors to pass upon the sufficiency of the notice and of all the preliminary proofs. Until these were satisfactory they had no occasion to go any further. Hence, when the directors find the notice or preliminary proofs insufficient, it becomes their duty to notify the assured of the defect. APPLETON, J., in *Bartlett* v. *Union M. F. Ins. Co.*, 46 Maine, 503, remarks :—" Having received notice of the loss, the defendants should have objected if it was not sufficiently formal, or was deficient in the information required by the by-laws." In the case last cited, this question was discussed, and it was there held to be the duty of the directors to make known any objection that might exist to the notice, or preliminary proofs. The same is held in the cases already cited from Massachusetts, and those from the New York Reports cited by Angell.

In the case under consideration, the directors not only make no objection to the notice and proofs, not only do not ask for any further information in this respect, but put their defence, so far as they claim to have any, upon entirely different grounds, and such as are inconsistent with the defence now set up. Their whole defence, then, seems to have been an over valuation. They refer the matter to their secretary, not to defend, but for adjustment. A certain amount is offered for settlement. All the way through a claim is admitted, promises to pay made. These circumstances, in the cases already cited, and in many others, are considered abundant proof of a waiver of any non-compliance with the requirements of the law in regard to the notice and preliminary proofs.

The case of *Clark* v. *N. E. M. F. Ins. Co.*, 6 Cush., 342, is stronger than this. There the notice was similar, and the requirements similar, and yet mere silence in regard to the notice, after an investigation, was considered a waiver, though the claim was wholly rejected.

We see no alternative under the authorities cited, but to convict the directors of bad faith, or come to the conclusion that they intended to and did waive all defects in the notice

and preliminary proofs, if any such they found.   We choose the latter.

As to the question of fraud, there does not appear to be sufficient proof to connect the plaintiff with any.   There may be suspicious circumstances, but nothing to show that the plaintiff even had any motive to set the fire.   He may have bought on speculation, but it does not appear that he made anything by the loss.   We have no proof that the house was over valued.   Fraud is not to be presumed, and in this case it has not been proved.

The amendment, if necessary, was allowable.   We have already seen that the requirements of the statute, which it is said have not been complied with, and which are set out in the amended count, are not of the essence or substance of the contract.   Therefore the same contract and the same cause of action is set out in the amendment as in the original writ. .                    *Defendants defaulted.*

APPLETON, C. J., DAVIS, KENT, WALTON and DICKERSON, JJ., concurred.