THE LANCASHIRE INSURANCE COMPANY, OF MAN-
CHESTER, ENGLAND, v. BRIDGET MURPHY.

**No. 788.**   (62 Pac. 729.)

1. PRACTICE, *District Court — Burden of Proof — Pleadings — Demurrer.*  If a petition states a. cause of action, and plaintiff introduces testimony which, together with the admission of the parties, fairly tends to prove all the necessary averments in the petition, it is not incumbent upon the plaintiff to introduce further evidence to rebut new matters presented by the answer of the defendant in order to justify the court in overruling a demurrer to the evidence.

2. PRACTICE, *Courts of Appeals — Assignments of Error — Rules of Court.*  Where an assignment of error is based upon an alleged erroneous instruction given to the jury, such instruction must, under the rules of practice of this court, be set out in the assignment of error or in the argument, or the same will not be examined.

Error from Wyandotte district court; H. L. ALDEN, judge.   Opinion filed October 27, 1900.   Affirmed.

*Fyke, Yates, Fyke & Snyder,* for plaintiff in error.
*J. E. McFadden,* for defendant in error.

The opinion of the court was delivered by

McELROY, J. : This action was commenced on September 8, 1898, by Bridget Murphy, the defendant in error, against the Lancashire Insurance Company, of Manchester, England, upon an insurance policy.   On September 21, 1897, the plaintiff in error issued to the defendant in error, Bridget Murphy, and one Mary Ann Murphy, its policy of insurance, insuring against loss by fire to the amout of $600, upon their dwelling-house situated in Kansas City, Kan.   One Tuite held a mortgage on the property, so that the loss was made payable to him as mortgagee.   The property insured was, on the 20th day of June, 1898, damaged by fire, but not totally destroyed.   After the fire, Mary Ann Murphy and Tuite assigned their interest in the property to Bridget Murphy.

The petition was in the usual form, and alleged, among other things, that the plaintiff had performed each and every condition imposed by the policy or required by the defendant company.

The defendant in its answer admitted that it was a corporation ; that it made the policy of insurance ; that a fire occurred whereby the building was partially destroyed, but denied that the building was totally destroyed, and pleaded the conditions of the policy requiring the amount of loss to be ascertained by appraisers, and that after the fire it demanded that the amount of loss be submitted to appraisers, as provided

by the policy, but that plaintiff failed and refused to have such appraisal, although the company had always been ready and willing to proceed with the same and carry out in good faith the conditions of the policy sued on. The defendant denied all other allegations in the petition.

The plaintiff for her reply admitted that the policy contained the conditions set forth in the answer; that there was a disagreement as to the amount of plaintiff's loss; and that after the loss defendant demanded that the loss be submitted to appraisers; but denied all other allegations of the answer. The plaintiff further alleged that about August 2, 1898, she received from defendant an appraisal blank, with a request that she suggest the name of an appraiser for the purpose of ascertaining the amount of the loss; that on about the 8th day of August she suggested the name of an appraiser in writing; that she did and performed all things necessary to be done in accordance with the request, and thereupon returned the appraisement blank containing the name of her appraiser; but that the defendant failed and neglected to take any further steps toward having the appraisal until long after the commencement of her action.

The jury returned a verdict for the plaintiff below, defendant in error, and judgment was entered upon the verdict. The defendant's motion for a new trial was overruled, and as plaintiff in error the insurance company presents the record to this court for review.

The assignments of error will be considered in their order.

I. That the court erred in refusing to sustain the defendant's demurrer to the evidence. At the trial it was admitted by the defendant insurance company that it was a corporation, as alleged; that it issued the

policy of insurance ; that the fire occurred during the life of the policy ; that the premium for insurance was paid at the time the policy was issued ; that immediately after the fire occurred the company was duly notified in writing of the loss ; that proof of loss was furnished the company within sixty days after the occurrence of the fire, and that no objection was ever made by the insurance company to the sufficiency of the proof of loss. Thereafter the plaintiff testified that the insurance company had not paid the loss. And she further offered evidence that, by written assignment, she was the owner of the interest in the policy of insurance of Mary Ann Murphy and Peter J. Tuite, the mortgagee. Thereafter four contractors and builders testified in behalf of the plaintiff as to the amount of damage to the property, and none of these witnesses placed her damage at less than $650.

All of the questions of new matter raised by the answer of the defendant which were not admitted by plaintiff's reply were matters of defense. The burden of proof as to these allegations of new matter rested upon the defendant insurance company. The insurance company might insist upon the appraisal, or arbitration, but it was a matter which it could waive.

The plaintiff made out a *prima facie* case and was entitled to have the amount of her damage submitted to the jury.

II. The second contention of plaintiff in error is that the court erred in overruling its objection to the question propounded to the plaintiff as follows: "Ques. I will ask you if Mr. Stewart or Mr. Welch ever notified you, after the time these appraisers were appointed, that they wanted the appraisers to meet for the purpose of appraising the damage to your property? Ans. No, sir."

Stewart was the agent who wrote the policy of insurance in controversy; Welch was the appraiser selected by the defendant insurance company to adjust the loss.   Before this question was asked the defendant had introduced in evidence a letter addressed to the plaintiff, dated August 1, 1898, in which it was said, among other things : "I will then notify you of the time our representative can meet your representative with a view of concluding this matter."

If the plaintiff below, defendant in error, had a right to rely upon 'this statement, it was very material to show whether the insurance company had ever notified her, as they promised.   It was contended on the part of the insurance company that the insured was to blame for not carrying out the appraisal or arbitration, while, on the other hand, it was contended that it was the fault of the insurance company that the same was not carried out.   This was a question of fact to be submitted to the jury for their determination.   The testimony was competent and proper as tending to show whether or not the insurance company had acted in good faith.

It appears that the appraiser selected by the insurance company was a resident of the state of Missouri. We are not prepared to say that the selection of an appraiser or arbitrator who was a non-resident of Kansas tended to show good faith on the part of the insurance company.   However, the question of good faith in carrying out the proposed appraisement was for the determination of the jury from all the evidence and circumstances.   The testimony upon this matter was not very decisive either way, but the determination of the jury is conclusive upon this court, inasmuch as it is supported by testimony.

III.   The only other contention is that the court

erred in submitting to the jury instruction No. 3. No effort was made on the part of plaintiff in error to comply with the rules of practice of this court in setting out the instruction, and we will therefore not consider the matter.

From what we have said, it follows that the motion for a new trial was properly overruled. The judgment is affirmed.