Providence Washington Ins. Co. *v.* Wolf—168 Ind. 690.

PROVIDENCE WASHINGTON INSURANCE COMPANY
*v.* WOLF.

[No. 20,987. Filed February 8, 1907. Rehearing denied June
26, 1907.]

1. INSURANCE.—*Proofs of Loss.*—*Waiver.*—The waiver of proofs
of loss may be inferred from such acts and conduct as are in-
consistent with an intention to insist upon strict performance.
p. 697.

2. SAME.—*Proofs of Loss.*—*Waiver.*—A distinct recognition of
liability, by an insurance company, as by an offer to pay all or
part of the loss, is a waiver of formal notice and proofs of loss,
or of defects therein. p. 698.

3. SAME. — *Conditions Beneficial to Company.* — *Waiver.* — Per-
formance of the conditions beneficial to an insurance company
may be waived by such company, and such waiver may be in-
ferred from the conduct of such company's agents. p. 699.

4. SAME.—*Conditions Precedent.*—*Arbitration.*—*Waiver.*—A con-
dition in an insurance policy requiring arbitration as a condi-
tion precedent to bringing an action thereon, is waived by any
conduct preventing an appraisal or an award, or by failure or
refusal promptly to secure a fair and reasonable appraisement,
after one is agreed upon. p. 699.

5. TRIAL. — *Insurance.* — *Arbitration.* — *Waiver.* — *Question for
Jury.*—Whether an arbitration between the assured and the
insurer failed because of fraud, delay or other fault, is a ques-
tion for the jury. p. 701.

6. INSURANCE. — *Arbitration.*—*Appraisement.*—*Time for.*—*Pay-
ment.*—A provision in a fire policy giving the company sixty
days after notice and satisfactory proof of loss, to pay the loss,
does not give the company, after an agreement for an ap-
praisal, sixty days within which to commence such appraisal.
p. 702.

7. SAME.—*Appraisement.*—*Time for.*—*Question for Jury.*—A fire
company must commence the appraisement of a loss, where an
appraisement is necessary, within a reasonable time, and, in
case of failure of an appraiser to appear, appoint another
within a reasonable time thereafter; and whether the time
taken is reasonable is a question for the jury. p. 702.

8. SAME.—*Appraisement.*—*Delay.*—*Question for Jury.*—Where a
fire company agreed to commence an appraisement of a fire-and-
water-damaged stock of goods, not fully covered by insurance,

Providence Washington Ins. Co. *v.* Wolf—168 Ind. 690.

on January 19, on which day assured's appraiser was ready but the company's appraiser failed to appear, and on January 28, assured telegraphed said company but it. failed to respond, assured three days afterwards proceeding to dispose of the goods, the question of waiver of proofs of loss and appraisement is for the jury. p. 703.

9. PLEADING. — *Abatement.* — *Answer.*—*Reply.*—*Insurance.*—*Appraisement.*—*Waiver.*—*Wrongful Delay.*—Where a fire company pleaded in abatement of an action on its policy, that the policy provided for an appraisement of the loss, which had not been made, and that it had not waived such provision, and plaintiff replied that such company had unreasonably delayed such appraisement, such reply is sufficient. p. 703.

10. APPEAL.—*Briefs.*—*Evidence.*—*Pointing Out.*—Where appellant's brief fails to point out the page and line of the record where the alleged incompetent evidence was admitted, errors based on the admission thereof will not be considered. p. 704.

11. TRIAL. — *Instructions.*—*Insurance.*—*Appraisement.*—*Waiver.* —*Abatement.*—*Circumstances.*—On the trial of a plea in abatement in an insurance case alleging that no appraisement had been made, which was, when required, a condition precedent to an action, an instruction authorizing the jury, in determining whether such provision had been waived, to consider all of the circumstances, an appraisement having been agreed upon, was proper. p. 704.

12. SAME. — *Insurance.*—*Appraisement.*—*Waiver.*—*Motives.*—On the trial of a plea in abatement, in a fire insurance case, alleging that the plaintiff had not secured a required appraisal of the lost and damaged goods, an instruction that such requirement might be waived and that the company's conduct should be considered in determining whether it had unreasonably delayed such appraisement, is proper. p. 705.

13. SAME. — *Insurance.* — *Appraisement.* — *Waiver.*—*Conduct.*— *Contracts.*—*Construction.*—On the trial of a plea in abatement, in a fire insurance case, alleging that a required appraisement had not been made, an instruction that such requirement might be waived and that the company's conduct should be considered on the question of waiver by unreasonable delay, is not bad on the ground that it authorizes the jury to put a liberal construction upon the contract of insurance. p. 706.

14. PLEADING.—*Plea in Abatement.*—*Plea in Bar.*—*Estoppel.*— Where an insurance company pleads in abatement of the pending action that it required an appraisement of the loss, and that it had not waived the same, and an unsuccessful trial is obtained thereon, it is estopped from asserting such matters in bar of such action. p. 706.

Providence Washington Ins. Co. *v.* Wolf—168 Ind. 690.

15. TRIAL.—*Instructions.—Exceptions.—Time for Taking.—New Trial.*—No question is presented where exceptions to instructions were signed and dated on July 3, and the motion for a new trial, asserting error on the rulings on such instructions, was filed on July 1, though such exceptions show that the defendant "at the time excepted." p. 707.

16. SAME. — *Instructions. — Exceptions.—Oral.—Statutes.*—Oral exceptions taken under §544a Burns 1905, Acts 1903, p. 338, §1, to be effective, must be properly entered of record. p. 707.

17. NEW TRIAL.—*Instructions.—Exceptions.*—The assignment, in a motion for a new trial, of error in the ruling on an instruction, presents no question, where no exception was taken to such ruling. p. 707.

18. TRIAL.—*Evidence.—Court's Limiting Purpose of.—Instructions.*—The court's remarks to the jury in limiting the consideration of certain evidence to certain purposes, do not constitute instructions within the meaning of §544a Burns 1905, Acts 1903, p. 338, §1. p. 708.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Action by Leo Wolf against the Providence Washington Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under clause two, §1337j Burns 1901, Acts 1901, p. 565, §10. *Affirmed.*

*Smiley N. Chambers, S. O. Pickens, Charles W. Moores, R. F. Davidson, Owen Pickens* and *Duncan & Batman,* for appellant.

*Alexander Dowling, East & East* and *J. E. Henley,* for appellee.

MONKS, J.—This action was brought by appellee against appellant on a fire insurance policy issued by appellant to appellee, insuring him against loss or damage by fire, upon a certain stock of goods, wares, merchandise, furniture, and fixtures therein described, in the sum of $1,000. There was $8,500 additional insurance upon the property, making $9,500 in all. A plea in abatement was filed by appellant. Appellee filed a reply to said plea in two paragraphs, the first of which was a general denial. Appellant's de-

murrer for want of facts, to said second paragraph of reply, was overruled. A trial of the issues joined on the plea in abatement resulted in a verdict and, over a motion for a new trial, a judgment in favor of appellee. Appellee's demurrer, for want of facts, to the complaint was overruled. Appellant answered in five paragraphs, the first being a general denial. On motion of appellee, the second and third paragraphs of answer were stricken out. Appellee filed a general denial to the fourth and fifth paragraphs of answer. A trial by jury resulted in a verdict, and, over a motion for a new trial, a judgment in favor of appellee for the full amount of the policy.

The assignments, which are not waived, are "that the court erred (1) in overruling the demurrer to the second paragraph of reply to the plea in abatement; (2) in overruling appellant's motion for a new trial upon the plea in abatement; (3) in overruling the demurrer to the complaint; (4) in striking out appellant's second paragraph of answer; (5) in striking out the fourth paragraph of answer; (6) in overruling the motion for a new trial upon the merits of the case." We will first consider the demurrer to the complaint. The policy upon which suit was brought contained, among others, the following provisions:

"This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation however caused.

Said ascertainment or estimate shall be made by the insured and this company, or, if they differ, then by appraisers as hereinafter provided.

If fire occur the insured shall give immediate notice of any loss thereby, in writing, to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of

each article and the amount claimed thereon, and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire.

In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers shall together then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire, and the award in writing of any two shall determine the amount of such loss; the parties thereto shall pay the appraiser respectively selected by them, and shall bear equally the expense of the appraisal and umpire.

This company shall not be held to have waived any provision or condition of this policy or any forfeiture thereof by any requirements, act or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required.

No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

It is admitted by appellee that said provisions of the policy respecting the proofs of loss and the arbitration of the amount of the loss are conditions precedent, and no question is made as to their validity. It is contended, however, that there was a waiver of these conditions by appellant. The allegations of the complaint concerning such waiver are, substantially, as follows: That, immediately

after the fire, the plaintiff notified the defendant of the loss, and on January 14, 1903, the defendant sent its adjusters to the city of Bloomington to adjust said loss, who, after an examination of the premises, the stock of goods and conditions, offered plaintiff $300 in full payment of said loss, and no more, which offer the plaintiff refused to accept in full payment of said loss, and thereupon the said adjusters agreed with the plaintiff on the loss on part of the goods, to wit, those articles which had been totally destroyed, agreeing that the loss on said goods was $661; that said adjusters refused to agree with plaintiff on any other class of goods injured by said fire, and, under pretense of desiring an appraisal of the same, demanded of the plaintiff that the remainder be appraised under the terms of the policy, whereupon the plaintiff, as provided by the insurance contract, named David Juday, a disinterested and competent appraiser, and the defendant named T. J. Boyd, and it was agreed that these appraisers so appointed should proceed at once to appraise said goods, and to commence the same on January 19, 1903; that this plaintiff, by telegram and at great expense to himself, procured the attendance of said Juday on said date, retained him in said city of Bloomington, awaiting the action of defendant, for six days, at an expense of $30 per day, in addition to the sum of $25 for railroad charges; that as soon as defendant procured the agreement to enter into said appraisal, it and its adjusters commenced a systematic course of evasion, deception and neglect towards the plaintiff, with the intention of coercing him, if possible, to accept the $300 in full payment of defendant's liability; that defendant did not intend to complete said appraisal, but to put the plaintiff to all possible expense in forcing him to keep his goods in a badly damaged condition, denying him the right to sell or dispose of them, and postponing said appraisal from date to date, in this: that it first falsely claimed that its appraiser T. J. Boyd, who had been appointed by it, could

not attend, and that it would procure a substitute for him, but has ever since refused to do so; that during the next week the goods were wasting, and the plaintiff was paying $40 a month rental for the room they were in, without selling or disposing of them; that his appraiser, Juday, was waiting from day to day, at heavy expense to plaintiff; that the defendant still continued evading the appraisal of said goods, refusing to communicate with plaintiff or come to the place of the fire; that on January 28, 1903, the plaintiff sent a telegram to one of the defendant's adjusters at Indianapolis, Indiana, in the words following, to wit: "Our appraiser here since Sunday, at heavy expense. When will yours be here? Answer."

Plaintiff further alleges that the defendant's adjuster received said message on the day it was sent, but wilfully, and for the unjust purpose of coercing the plaintiff to accept said sum of $300, and with no intention of completing said appraisal, refused, and has ever since refused, to answer said message, or to give the plaintiff any reason therefor, well knowing all the while that such delay was causing the plaintiff much trouble and expense, and that the plaintiff was losing money every day; that the plaintiff was led to believe and did believe that said appraisal had been abandoned and waived by the defendant, and, to save himself from further loss by disposing of the goods, he, on January 30, 1903, commenced a sale of said goods for whatever amount each article might bring, but, before doing so, he caused said goods to be appraised by said Juday, who selected Moses Kahn, and the two, being disinterested and competent, after being sworn according to law, appraised the loss on said goods at the sum of 11,364.43; that at the time of the fire his goods so destroyed were worth $12,080, and the total amount of insurance held by the plaintiff in defendant's and seven other companies was $9,500, the latter amount being nearly $2,500 less than their cash

value; that the goods were in a frozen condition, foul from smoke, decaying, and losing their color, and so depreciating in value that unless disposed of plaintiff would be compelled to lose the uninsured portion of said goods; that these facts were all well known to this defendant and the adjusting agent, and they also knew that if plaintiff saved anything from the part uninsured he was compelled to do so by an early appraisement and disposition of the goods; that the defendant went to no expense whatever to procure said appraiser, but sought to delay and oppress the plaintiff by using its knowledge of his condition and the condition of the goods; that its evasion, neglect, refusal to communicate with him, answer his telegrams, or, in good faith, to act in the premises, and its unfairness, injustice, and oppression caused the plaintiff to lose more than $500 on said goods, as herein set forth.

Waiver of a provision requiring a proof of loss within a specified time may be inferred from such acts and conduct as are inconsistent with the intention to insist

1.   upon a strict performance. *Hartford Fire Ins. Co.* v. *Keating* (1897), 86 Md. 130, 149, 150, 38 Atl. 29, 63 Am. St. 499; *Germania Fire Ins. Co.* v. *Pitcher* (1903), 160 Ind. 392; *Prussian Nat. Ins. Co.* v. *Peterson* (1903), 30 Ind. App. 289, 294; 13 Am. and Eng. Ency. Law (2d ed.), 345, 346; Kerr, Insurance, pp. 550-552. In *Prussian Nat. Ins. Co.* v. *Peterson, supra,* the court said on page 294: "When the insurance company, having notice of the loss, refers the matter to its authorized adjuster, who makes full investigation thereof and leads the insured to believe that there is nothing in the way of payment of the claim except a difference of opinion as to the value of the property, the furnishing of formal proof of loss, it was held, is waived. *Hitchcock* v. *State Ins. Co.* [1897], 10 S. Dak. 271, 72 N. W. 898. * * * If payment be withheld on special grounds other than the

failure to furnish proof of loss, or the insufficiency of proof furnished, and having no reference to the want or the insufficiency of such proof, the insurance company thereby waives its right to defend upon the ground of such want or insufficiency of proof. *Aetna Ins. Co. v. Shryer* [1882], 85 Ind. 362; *Commercial Union Assur. Co. v. State, ex rel.* [1888], 113 Ind. 331; *Western Assur. Co. v. McCarty* [1897], 18 Ind. App. 449; *Aetna Ins. Co. v. Simmons* [1896], 49 Neb. 811, 69 N. W. 125."

In *Murphy v. North British, etc., Ins. Co.* (1897), 70 Mo. App. 78, 86, it was said: "If the insurer offers to pay what he thinks has been the amount of the loss of the insured, and is rejected by the latter, this implies that the insurer is satisfied of the integrity of the loss. It implies further that he will not require proofs of loss, but will pay the amount ascertained by the abitrators. * * * The implications already stated continue as long as the insurer's offer of settlement is not withdrawn." In 19 Cyc. Law and Proc., 865, it is said: "Negotiations or proceedings by the company with reference to settlement of loss will be a waiver of failure to give notice or make proofs of loss, and proceedings to adjust the loss in the usual way will waive objection on account of defects in the proofs or failure to furnish proofs as required by the policy."

A distinct recognition of liability by the company, as by an offer to pay all or a part of the loss, will amount to a waiver of formal notice and proofs of loss or of
2.    defects therein. *Caledonian Fire Ins. Co. v. Traub* (1897), 86 Md. 86, 96-98, 37 Atl. 782; *Pentz v. Pennsylvania Fire Ins. Co.* (1901), 92 Md. 441, 48 Atl. 139; *Aetna Ins. Co. v. Simmons, supra; Commercial Fire Ins. Co. v. Allen* (1886), 80 Ala. 571, 1 South. 202; *Lewis v. Monmouth Mut. Fire Ins. Co.* (1864), 52 Me. 492; *Murphy v. North British, etc., Ins. Co., supra.*

It is well settled that an insurance company may waive conditions inserted in the policy for its benefit, and that

such waiver may be inferred from the conduct of its agents and representatives. *Lamson, etc., Co.* v. *Prudential Fire Ins. Co.* (1898), 171 Mass. 433, 436, 50 N. E. 943, and cases cited; Kerr, Insurance, p. 663; 4 Cooley, Briefs on Insurance, 3658-3673.

It is a general rule that the insured will be released from complying with a contract to submit the loss under a fire policy to arbitration, as a condition precedent to bringing a suit upon the policy, by any conduct on the part of the company's representatives which has the effect of preventing an appraisal from being had or an award being made. 4 Cooley, Briefs on Insurance, 3658. After the provision of the policy requiring an arbitration becomes operative, as in this case, by the execution of the agreement to arbitrate and the appointment of the arbitrators, both the insurer and the insured are bound to act in good faith to have the loss ascertained in accordance with the provisions of the policy, and, if either party acts in bad faith so as to defeat the object of the arbitration, as by refusing to proceed, or by insisting upon the selection of improper arbitrators or umpire, or by undue interference with any of them after their selection, the other party is absolved from further obligation to arbitrate, and is not bound to enter into an agreement for another arbitration. *Uhrig* v. *Williamsburgh City Fire Ins. Co.* (1886), 101 N. Y. 362, 4 N. E. 745; *Hickerson & Co.* v. *Insurance Cos.* (1896), 96 Tenn. 193, 33 S. W. 1041, 32 L. R. A. 172, 176, and cases cited; *Brock* v. *Dwelling-House Ins. Co.* (1894), 102 Mich. 583, 61 N. W. 67, 26 L. R. A. 623, 47 Am. St. 562, 569-571; *Powers Dry Goods Co.* v. *Imperial Fire Ins. Co.* (1892), 48 Minn. 380, 389, 51 N. W. 123; *Niagara Fire Ins. Co.* v. *Bishop* (1894), 154 Ill. 9, 39 N. E. 1102, 45 Am. St. 105; Kerr, Insurance, pp. 666, 667, and cases cited in notes. It was said in *Read & Traversy* v. *State Ins. Co.* (1897), 103 Iowa 307, 314, 72 N. W. 665, 64 Am. St. 180, 186: "The law seems to be well

settled that, if either party to an agreement to arbitrate intentionally prevents or unreasonably delays the stipulated method of adjusting the rights of the parties, he will not be permitted to plead failure to arbitrate as a defense to an action subsequently brought. *Uhrig* v. *Williamsburgh City Fire Ins. Co.* [1886], 101 N. Y. 362, 4 N. E. 745; *Powers Dry Goods Co.* v. *Imperial Fire Ins. Co.* [1892], 48 Minn. 380, 51 N. W. 123."

In *Chapman* v. *Rockford Ins. Co.* (1895), 89 Wis. 572, 62 N. W. 422, 28 L. R. A. 405, the court said: "We do hold that the parties are bound to exercise towards each other the utmost good faith and proceed with all reasonable diligence to procure an adjustment according to the letter and spirit of the contract. It is not permissible for the insurers, under the provisions of the standard policy, arbitrarily or capriciously to demand an appraisal, simply to suspend a claim for a loss, and select an appraiser who will perversely refuse to concur in the appointment of an umpire unless he resides in Chicago, or is the kind of man the insurers want. Such a course, if tolerated, places the assured very largely at the mercy of the insurers. Any attempt on the part of either party to misuse or pervert the provisions of the standard policy for an appraisal, so as unreasonably to delay an adjustment or to secure an unjust abatement of an honest loss, is a breach of good faith and should be treated as a waiver of the condition, and dispensing with the necessity of an appraisal and warranting a resort to an action without one, if the party thus prejudiced has used all fair and reasonable means and diligence on his part to secure it. To hold otherwise would be to permit the party in fault to profit by his own wrong." In *Uhrig* v. *Williamsburgh City Fire Ins. Co., supra,* it was. laid down that, "under the arbitration clause, it was the duty of each party to act in good faith to accomplish the appraisement in the way provided in the policy, and if either party acted in bad faith, so as to defeat the real

object of the clause, it absolved the other party from compliance therewith; and if either party refused to go on with the arbitration, or to complete it, or to procure the appointment of an umpire so that there could be an agreement upon an appraisal, the other party was absolved." It is stated in the syllabus to *Northern Assur. Co.* v. *Samuels & Jordt* (1895), 11 Tex. Civ. App. 417, 33 S. W. 239: "Where an insurer demands an appraisement of a fire loss, but fails to name an appraiser and to appear at the time and place designated, he thereby abandons his demand," and waives the right to an appraisement. In *Milwaukee Ins. Co.* v. *Schallmann* (1900), 188 Ill. 213, 59 N. E. 12, a letter written by the insured to an agent of the insurance company was introduced in evidence, for the purpose of showing the insured's efforts to secure an appraisal, and that the appraisal was waived by the failure of the insurance company to respond to the request for the same as made in the letter. The court held on page 223· that whether the failure to respond to the request for an appraisement was a waiver of the appraisal, was a question to be determined by the jury. The court said on page 224: "The failure to respond to the letter was not merely a waiver of appraisal by such agents, but was a waiver of appraisal by the companies themselves."

Whether the arbitration failed on account of the fraud of either party, and whether delay or failure to demand an appraisal or to proceed with the same in a reasonable time, if agreed upon, constitute a waiver, are questions for the jury to determine. *McManus* v. *Western Assur. Co.* (1898), 22 Misc. (N. Y.) 269, 278, 48 N. Y. Supp. 820, 43 Hun, App. Div., 550, 559, 560; *Lawson, etc., Co.* v. *Prudential Fire Ins. Co.* (1898), 171 Mass. 433, 50 N. E. 943; *Chainless Cycle Mfg. Co.* v. *Security Ins. Co.* (1901), 169 N. Y. 304, 62 N. E. 392; *Hamilton* v. *Phoenix Ins. Co.* (1894), 61 Fed. 379, 9 C. C. A. 530, 537-542; *Lancashire Ins. Co.* v. *Murphy*

(1900), 10 Kan. App. 251, 255, 62 Pac. 729; *Fowble v. Phoenix Ins. Co.* (1904), 106 Mo. App. 527, 530-532, 81 S. W. 485; *Carp v. Queen Ins. Co.* (1903), 104 Mo. App. 502, 517, 518, 79 S. W. 757, and cases cited; 19 Cyc. Law and Proc., 959.

Neither party will be permitted, by wilfully or negligently postponing the appraisal, unreasonably to delay the adjustment of the controversy. Otherwise the very purpose of arbitration, which is a speedy and inexpensive settlement of disputes as to the amount of loss, would be defeated. The provision of the policy that the loss was to be paid sixty days after due notice and satisfactory proof of the same had been received, according to the terms of the policy, did not give appellant, after it had agreed to an appraisal and named its appraiser, an absolute right to sixty days within which to commence the appraisal.

6.

When the agreement to submit to appraisal was executed by the parties, and appellant learned that the appraiser selected by it could not be present at the time fixed to commence the appraisal, it was the duty of appellant, within a reasonable time, to select another appraiser who would proceed, without unnecessary delay, to the performance of his duties. The right of appellee to have an appraisal under the agreement therefor was not indefinite as to time, but such appraisal must be completed within a reasonable time, and what was such reasonable time depends upon the facts of the case, and was a question for the jury to determine. *Hamilton v. Phoenix Ins. Co., supra,* and cases cited. As was said in *Chainless Cycle Mfg. Co. v. Security Ins. Co.* (1901), 169 N. Y. 304, 310, 62 N. E. 394: "Either party, however, has the right to require an appraisal when there is a disagreement as to the amount of the loss. *Silver v. Western Assur. Co.* [1900], 164 N. Y. 381, 58 N. E. 284. That right is not indefinite as to time, but must be exercised within a reasonable period,

7.

depending upon the facts of the particular case. Neither party can so use the right as to take undue advantage of the other, but both must act in good faith. *Uhrig* v. *Williamsburgh City Fire Ins. Co.* [1886], 101 N. Y. 362, 4 N. E. 745; *Bishop* v. *Agricultural Ins. Co.* [1892], 130 N. Y. 488, 29 N. E. 844. It is not a weapon of attack, but of defense, and a party who intends to use it must give reasonable notice of such intention, for its omission to do so will be evidence of waiver, more or less conclusive according to the circumstances. The insurer, for instance, knowing that the insured desires a prompt appraisal or an adjustment, so that the property may not suffer further injury before it is sold, cannot postpone its demand for an appraisal until after the insured, misled by its acts, has been placed in a position where one is impossible."

It is evident, from the authorities cited, that the allegations of the complaint as to the waiver of proofs of loss, and waiver of arbitration, were sufficient to require that said issues be submitted to a jury for determination. It follows that the court did not err in overruling the demurrer to the complaint.

Appellant's plea in abatement set up the provision of the policy sued upon providing for an appraisal of the amount of the loss; a disagreement of the parties as to the amount of the loss, the execution of an agreement for an appraisal of the amount of the loss, in accordance with the terms of the policy, and the refusal of the appellee to proceed therewith; that appellant "had not in any manner waived, refused, or declined to have the loss or damages appraised; and that no suit or action upon said policy had accrued to plaintiff until such appraisement has been made." The second paragraph of reply to said plea in abatement contained substantially the same allegations concerning waiver of the appraisal clause of said policy by appellant as were set forth in the complaint. As we held, said allegations of the complaint were sufficient, upon the

question of waiver, to withstand a demurrer for want of facts. It follows that the court did not err in overruling appellant's demurrer to said second paragraph of reply to the plea in abatement.

Appellant complains of rulings of the trial court in admitting certain evidence on the trial of the plea in abatement, but has not pointed out the page and line of the record showing the rulings of the court in admitting such evidence nor where the evidence, so admitted, may be found. It has been uniformly held by this court that it will not search the record for alleged errors, and that, unless the page and line where such rulings may be found are cited, they will not be considered. Ewbank's Manual, §182, p. 277; *Indiana, etc., R. Co.* v. *Ditto* (1902), 158 Ind. 669, 672, and cases cited.

Appellant contends that the fourth instruction given by the court on the trial of the plea in abatement "is wrong, in that it advises the jury that in considering whether the defendant had waived an appraisal they should consider all facts and circumstances, including the condition of the goods at and since the fire, the value of the goods at the time they were burned, the amount of the insurance, as well as the extent of the damage by fire, whether it was necessary and prudent to have an early appraisal of the goods, whether the goods were deteriorating and becoming less valuable; what expense, if any, the plaintiff and defendant were put to in an effort to secure such an appraisal." The objection stated to this instruction is that "the rights and obligations of the parties were contractual and absolutely fixed by the terms of the policy; that the condition of the goods at the time of and since the fire, and the other matters mentioned in said instruction, were immaterial and had nothing to do with fixing the time within which the defendant might investigate and reach its conclusions as to the amount of the

damages and loss; that is fixed by the contract. It has sixty days within which to make such investigation, including the right of appraisal." True, in case of disagreement as to the amount of loss, appellant had the right to demand an appraisal, and this right was contractual, but, when an appraisal has been agreed upon, as in this case, there is no provision in the policy giving appellant sixty days, or any other definite time, in which to commence or complete an appraisal. The rule, as heretofore stated in this opinion, is that, after the agreement of appraisal has been made, the same must be completed within a reasonable time, and what is such reasonable time depends upon the facts and circumstances of the case, and is to be determined by the jury. It is clear from what we have said in disposing of the objections to the sufficiency of the complaint that said instruction is not open to the objections urged.

The fifth instruction given on the trial of the plea in abatement is objected to on the ground that it advises the jury that they have the right to inquire as to the motives the defendant had in asserting a contractual right. Said instruction reads as follows: "I instruct you that the provisions in the policy sued on by the plaintiff and set forth in the plea in abatement, which require that, in the event of a disagreement as to the amount of the loss, the loss and damage shall be submitted to an appraisal, may be waived, even after an agreement is signed in writing, by conduct on the part of either party that evinces a deliberate intention and purpose to defeat the object of the appraisal, or to put one of the parties to unnecessary expense with a view to coercing an unjust settlement of such loss, but it is for you to determine from the facts in this case whether any such conduct has been proved in this cause." Said instruction is in harmony with the law as already declared in this opinion, and no error was committed in giving it to the jury.

Another instruction on the trial of the plea in abatement is objected to because it "advises the jury to put a liberal construction upon the provision of the policy against waiver, when it is the duty of the court, and not the jury, to construe the provisions of the policy. Said instruction did not authorize the jury to construe said provision of the policy, and is not open to the objection urged. It is next contended that, on the trial of the plea in abatement, there was no evidence to show that appellant waived the right to an appraisal, and that, therefore, the verdict of the jury on that issue was not sustained by sufficient evidence and was contrary to law. It would unduly extend this opinion to set out the evidence, but, after a careful examination of the same, we are unable to say that the verdict of the jury was not fully sustained thereby.

Appellant complains of the action of the court in striking out the second and third paragraphs of his answer to the complaint, which alleged the same matters in bar of the action that it had set up in its plea in abatement, and also the action of the court in excluding all evidence offered by it on the trial of the merits of the cause, for the purpose of showing that it had not waived the appraisal clause of said policy. Appellant, by pleading the provision of the policy for the arbitration of the amount of the loss, and that it had not waived the same, in abatement of the action and procuring a trial thereon, assumed the position that the same was in abatement of the action, and induced the court so to hold, and could not thereafter change its position and successfully claim that the matter so pleaded in abatement was a matter in bar of the action, and thus secure another trial of the same question in the same action. *State, ex rel.,* v. *Board, etc.* (1906), 166 Ind. 162, and cases cited; Bigelow, Estoppel (5th ed.), 673, 717-723. The trial court committed no reversible error in any of said rulings.

Appellant assigned as grounds for a new trial of the cause on its merits, the giving of, and refusal to give, a number of instructions, but as said motion was overruled on July 1, 1903, and the exceptions "taken in writing" to the giving and the refusal to give said instructions were not signed and dated until July 3, 1903, no question is presented as to the correctness of said instructions or any of them. True, said written exceptions state that the "defendant at the time excepted," but under section one of the act of 1903 (Acts 1903, p. 338, §544a Burns 1905) an exception to the giving or refusal to give an instruction when in writing is not taken until the writing is dated and signed. Oral exceptions, taken under said section, to be effective, must be "entered upon the record or minutes of the court."

Assigning the giving of an instruction to the jury, or other ruling of the trial court, as a cause for a new trial, presents no question to the trial court as to the correctness of such instruction or ruling unless an exception has been properly taken thereto. Elliott, App. Proc., §§623, 624, 795.

It is true that section one of the act of 1903, *supra,* provides that "exceptions to giving or refusing of instructions may be taken at any time during the term," but this must be construed in connection with the eighth clause of §568 Burns 1901, §559 R. S. 1881, which provides that a new trial may be granted for "error of law occurring at the trial and excepted to by the party making the application." When so construed, it is clear that such exceptions, to have any force, must be taken at least before the motion for a new trial is ruled upon by the trial court, because said clause only authorizes the trial court to grant a new trial when the error of law complained of has been excepted to, before the motion therefor is ruled upon.

During the progress of the trial objection was made by appellee to certain evidence offered by appellant, which

objection was overruled and the evidence admitted, 18. the court at the time informing the jury of the purpose for which the evidence was admitted.

Appellant excepted to this action of the court and assigned the same as one of its causes for a new trial.

It is urged by appellant that §544a, *supra,* requires that all instructions given by the court of its own motion shall be in writing, and that therefore "the court erred in giving said instruction orally."

The provision of said section requiring the instruction "given by the court of its own motion" to be in writing applies only to instructions given at the close of the argument, and not to what the court may say during the progress of the trial calling the attention of the jury to the purpose for which certain evidence is admitted. We are satisfied from an examination of the evidence that the verdict was sustained by sufficient evidence, and was not contrary to law. Other rulings of the court are objected to, but, even if erroneous, they are not of such a character as would authorize a reversal of the cause.

Judgment affirmed.