## AMERICAN EQUITABLE ASSUR. CO. OF NEW YORK v. MARTIN.

### No. 3893.

Court of Civil Appeals of Texas. Texarkana.

Nov. 28, 1930.

Rehearing Denied Dec. 18, 1930.

Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Crumpton & Crumpton, of Texarkana, for appellee.

LEVY, J.

The suit was by the appellee, Mrs. Martin, on a fire insurance policy insuring her household goods against loss or damage by fire in a sum not to exceed $2,000. As claimed by the insured, on August 7, 1929, a fire destroyed most, and injured some of the household goods. The case was submitted to the jury upon the two following issues:

"Question No. 1: What do you find from a preponderance of the evidence the actual cash value, if any, of the property to be that was totally destroyed, if any was, by the fire at the time and place of its destruction? Answer of the Jury: $1,750.00.

"Question No. 2: What do you find from a preponderance of the evidence to be the amount of damage, if any, to the property not wholly destroyed by fire? Answer of the Jury: $250.00."

Judgment was entered for the plaintiff in accordance with the verdict of the jury.

The defendant filed a plea in abatement, which was tried before the court and before trial on the merits. The plea set up as grounds for abatement in substance that: (1) The insured had failed to furnish to the company proofs of loss in accordance with the pleaded provisions of the policy; (2) the plaintiff had failed to submit to an appraisement or arbitration in accordance with the pleaded provisions of the policy.

After hearing the evidence the court overruled the plea. At the request of the defendant the court filed findings of fact upon the plea of abatement. The findings of fact so made show that: (1) The insured made out and on September 12, 1929 (thirty-six days after the fire), mailed directly to the home office of the insurance company proofs of loss which "was in fact in strict compliance with the terms of the policy with reference to notice and proof of loss"; that the objections made that the proofs of loss were defective were not substantial objections; (2) the insured agreed to an arbitration and to the appraiser, but the conduct on the part of the company's agent operated to prevent an appraisal to be had or an award made; that the company's agent and the insured agreed upon an arbitration and upon the appraiser. and thereafter "in lieu of appraisement the agent for said defendant offered $600.00 in settlement of the loss," which amount was promptly refused by the plaintiff, and thereupon "the agent for the defendant withdrew his offer to pay and denied all liability of the company for any loss," and by his conduct the agent abandoned the demand for arbitration; there was a waiver of the arbitration by the conduct of the agent of the company in delaying and failing to proceed with the arbitration after being agreed upon, and in delaying to demand an appraisal in a reasonable time.

The appellants challenge the several findings of fact made by the court. The state-

ment of facts upon the plea in abatement, and upon the trial of the case upon merits, are distinctly separate documents, and the facts purported to have been deduced upon the trial of plea in abatement does not have the signed approval of the trial judge. The approval of the trial judge is required. Galveston, H. & S. A. Ry. Co. v. Keen (Tex. Civ. App.) 73 S. W. 1074, 1075; Texas Electric Ry. v. Gonzales (Tex. Civ. App.) 211 S. W. 347; also Magee v. Magee (Tex. Civ. App.) 272 S. W. 252; Argo v. Gulf, C. & S. F. Ry. Co. (Tex. Civ. App.) 265 S. W. 1065, Amonette v. Taylor (Tex. Civ. App.) 244 S. W. 238. Hence, in absence of the statement of facts, it must be presumed that the evidence supported the court's findings of fact.

By proper assignments of errors the appellant bases error upon the following bill of exceptions:

"In the trial of the case on the merits and upon the plea in bar, the defendant offered in evidence the testimony theretofore offered in evidence upon the hearing of the plea in abatement; said testimony was offered upon the two defenses set up to-wit: First, the failure of plaintiff to submit his proof of loss in accordance with the provisions of the policy; Second, the failure of the plaintiff to submit to an appraisal in accordance with the provisions of the policy; thereupon counsel for plaintiff objected to said testimony on the ground that the court had passed on such defenses in his ruling theretofore upon the defendant's plea in abatement; the court thereupon excluded and refused to permit the defendant to offer in evidence any of said testimony introduced in the hearing of the plea in abatement because, in the opinion of the court, matters involved in the testimony had been adjudicated by the ruling of the court on the plea in abatement."

The bill of exceptions has appended thereto the following statement by the trial judge:

"Defendant had plead by way of abatement the matters of no proper proof of loss, and of plaintiff's failure to submit to an appraisal, and the court had theretofore overruled the plea in abatement. Consequently I considered that those issues were not longer in the case."

The answer filed by the appellant reads:

"Without waiving its plea in abatement, but still insisting on same, and after the overruling thereof comes the defendant and demurs generally to plaintiff's petition and of this prays judgment.

2. "Defendant denies all and singular the allegations contained in said petition and of this puts itself upon the country.

3. "Defendant adopts the allegations contained in its plea in abatement as a plea in bar to plaintiff's suit.

4. "Defendant pleads that it has not waived the right to a proper proof of loss and to an appraisal as demanded by it by any conduct on its part and in reply to plaintiff's plea of waiver says that at the time the investigation of the loss in this case was begun a written agreement was executed by plaintiff agreeing that none of the provisions in said policy should be waived by the conduct of defendant in the investigation."

In the light of the above statements, it is believed that error may not be said to exist in the ruling of the court. The following quotation, serving for illustration, from Providence Washington Ins. Co. v. Wolf, 168 Ind. 690, 80 N. E. 26, 32, 120 Am. St. Rep. at page 395, quite upholds the above stated ruling of the trial court, viz.:

"Appellant, by pleading the provision of the policy for the arbitration of the amount of the loss, and that it had not waived the same, in abatement of the action and procuring a trial thereon, assumed the position that the same was in abatement of the action, and induced the court to so hold, and could not thereafter change its position and successfully claim that the matter so pleaded in abatement was a matter in bar of the action, and thus secure another trial of the same question in the same action. State v. Board, 166 Ind. 162, 76 N. E. 986, 1001, 1002, and cases cited; Bigelow on Estoppel (5th Ed.) 673, 717–723."

The testimony claimed to have been proffered is not made a part of the record with the signed approval of the trial judge, as before shown, so that this court may consider it.

In the trial on the merits, the appellant excepted to the evidence of the insured given by her as to the value of her household goods upon the grounds "that she was not shown to be qualified." The qualification made to the bill of exceptions states that the plaintiff had testified that during her twenty-two years' experience as a housewife she had dealings in furniture and in its value, and "was acquainted with the reasonable value of household furniture of the character and kinds of hers at the time of the fire." The trial court did not err in overruling the objection made, as the weight to be given to the evidence of the witness as reflected by her answers, and not its admissibility, was involved.

The appellant asked for a peremptory instruction, which was refused, and did not request special issues upon any given matter. We think there was no error in overruling the request for peremptory instructions. We have carefully considered all the assignments of error, and think they should be overruled.

The judgment is affirmed.