CHARLES E. HALEY *vs.* WILLIAM BELLAMY.

Suffolk. Jan. 15. — June 28, 1884. C. ALLEN & HOLMES, JJ., absent.

A. and B. executed a written agreement to submit to referees the settlement of all matters relating to a copartnership formerly existing between them, which provided that, as soon as an accurate inventory of all the personal property of the copartnership could be made to the satisfaction of the referees, A. should convey to B. all his interest in all the copartnership property, and his interest in an existing lease belonging to the copartnership; that B. should personally assume and pay all the copartnership debts, and should agree in writing to discharge A. from all liabilities therefor; and that each should pay to the other whatever sum he might be required to pay by the referees. The inventory was taken to the satisfaction of the referees; A.'s interest in the property was conveyed to B., who took possession of it as his own; and B.'s agreement to assume the debts of the copartnership, and to indemnify A. from all liability therefor, was executed and delivered. Subsequently, but after the referees had heard the parties, their evidence, and the arguments of counsel, and had held several meetings for consultation, B. gave a written notice, under seal, that he revoked "all authority to said referees to act under the submission contained' in said agreement." Afterwards the referees executed and published an award, in which they determined that B. should pay A. a certain sum. *Held,* that B. was not entitled to revoke the submission, and that the award was valid.

CONTRACT upon an award of referees, under a written agreement to submit to them the settlement of all matters relating to a copartnership formerly existing between the plaintiff and the defendant. Trial in the Superior Court, before *Pitman*, J., who ruled that the plaintiff was entitled to recover the amount of the award and interest thereon; directed a verdict for the

plaintiff accordingly; and, at the request of the defendant, reported the case for the determination of this court. If the ruling was right, judgment was to be entered on the verdict; otherwise, a new trial to be ordered. The facts appear in the opinion.

*G. O. Shattuck & C. Almy, Jr.*, for the defendant.

*J. B. Richardson*, for the plaintiff.

FIELD, J. The memorandum of agreement executed by the parties is not merely an agreement to submit to arbitration controversies already existing, or that might thereafter arise. It is an agreement that, as soon as an accurate inventory of all the personal property of the copartnership " can be made to the satisfaction of the referees," the plaintiff shall convey to the defendant all his interest in all said copartnership property, and his interest in an existing lease belonging to the copartnership, and the defendant shall personally assume and pay all the copartnership debts, and shall agree in writing to discharge the plaintiff from all liabilities therefor; and that each shall pay to the other whatever sum he may be required to pay by the referees, or by two of them. The inventory has been taken to the satisfaction of the referees; the interest of the plaintiff in the property has been conveyed to the defendant, and he has taken possession of the property as his own; the agreement of the defendant to assume the debts of the copartnership as his own, and to indemnify the plaintiff from all liability therefor, has been executed and delivered; and all this was done before the defendant attempted to revoke the authority of the referees.

On January 25, 1882, after the referees had heard the parties, their evidence, and the arguments of counsel, and had held two or three meetings for consultation, the defendant gave a written notice, under seal, that he revoked " all authority to said referees to act under the submission contained in said agreement; " and thereafterwards one of the referees refused to act, but the other two, on the next day, executed and published what is called an award, in which they determine that the defendant shall pay the plaintiff $3716.67. By the terms of the submission the decision of two of the referees was to be binding. This action is brought to recover this sum. So far as the original

agreement was a contract for a sale by the plaintiff to the defendant of his interest in the copartnership property, it has been executed, and no attempt has been made by the defendant to rescind this part of the contract and put the plaintiff *in statu quo.* The remainder of this agreement, so far as this action is concerned, is, in effect, that the defendant shall pay the plaintiff whatever sum, if anything, the referees, or two of them, shall require him to pay for the plaintiff's interest in the copartnership, which, pursuant to the agreement, has been conveyed to the defendant, after adjusting the accounts between the parties, on the assumption that the defendant assumes and pays all the debts of the partnership.

We think this is analogous to an agreement in a contract, that the amount of money to be paid for property transferred, materials furnished, or labor done, under the contract, shall be determined by third persons, which becomes an irrevocable part of the contract, and cannot be avoided, unless it becomes impossible to obtain the decision of such third persons, without rescinding the whole contract. There are no facts stated in the report which entitle the defendant to rescind the whole contract, and he has not attempted to do so. *Hood* v. *Hartshorn,* 100 Mass. 117. *Palmer* v. *Clark,* 106 Mass. 373. *Babbage* v. *Coulburn,* 9 Q. B. D. 235. *Northampton Gas Light Co.* v. *Parnell,* 15 C. B. 630. *Mills* v. *Bayley,* 2 H. & C. 36. *Thomson* v. *Anderson,* L. R. 9 Eq. 523. *Dinham* v. *Bradford,* L. R. 5 Ch. 519. *Smith* v. *Peters,* L. R. 20 Eq. 511. *Scott* v. *Liverpool,* 3 DeG. & J. 334. *Judgment on the verdict.*