LAMSON CONSOLIDATED STORE SERVICE COMPANY vs.
PRUDENTIAL FIRE INSURANCE COMPANY.

Suffolk.    March 11, 1898. — June 22, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Fire Insurance — Construction of Policy — Arbitration — Condition Precedent
to Action — Waiver — Pleading.*

Under the provision in a policy of insurance against loss by fire, in the Massachu-
setts standard form, that, if the parties fail to agree as to the amount of the loss,
it is mutually agreed that the question shall be referred to arbitrators to be
chosen, whose decision shall be final, "and such reference, unless waived by the
parties, shall be a condition precedent to any right of action" to recover for the
loss, such agreement to refer the loss to arbitration is a condition precedent to
the right of the assured to bring an action upon the policy.

After a loss by fire of property insured by a policy in the Massachusetts standard
form, the assured sent proofs of loss to the insurance company, which wrote to
him for further information in regard to certain matters, using this language:
"Please understand we do not intend by anything herein said to make any
admission of legal liability, reserving the settlement of that question until after
we shall have obtained further information." The assured furnished the infor-
mation required. Subsequently other information was asked for and furnished,
and finally the assured, in reply to a letter from the company asking for still
further information, stated that certain proofs which had been furnished were
correct, and requested the company to inform him at an early date "regarding
your intention to pay said claims." No reply was made to this, and the assured,
after waiting nearly a year, brought an action on the policy. There was evi-
dence tending to show that, in conversations between the representatives of the
parties, the company denied its liability and never suggested that the loss should
be submitted to arbitration. *Held,* that there was evidence of a waiver by the
defendant of the condition in the policy in regard to arbitration which should
have been submitted to the jury.

Performance of the condition as to arbitration in a policy of fire insurance, in the
Massachusetts standard form, or excuse for its non-performance, should be
alleged in an action upon the policy, but the absence of such allegation should
be availed of by demurrer, and the declaration may be amended.

CONTRACT, upon a policy of insurance for $10,000, against
loss by fire on the plaintiff's "leasehold interest" in its various
systems of store service in the United States, for one year from
December 3, 1890. Trial in the Superior Court, before *Blodgett*,
J., who, at the defendant's request, ruled that the plaintiff was
not entitled to recover, and directed the jury to return a verdict

for the defendant, and the plaintiff alleged exceptions. The facts appear in the opinion.

The case was argued at the bar in March, 1898, and afterwards was submitted on briefs to all the justices.

*B. E. Kemp*, for the plaintiff.

*L. D. Brandeis*, for the defendant.

MORTON, J. It is not contended that the plaintiff had not under its leases an insurable interest in the systems that were destroyed, and in the rentals accruing from them.

There was testimony tending to show that there was an oral contract of insurance entered into on December 3, 1890, though the policy was not issued till December 11, and that one or more of the systems was destroyed by fire before the last named date. We do not need to consider whether knowledge on the part of the plaintiff of the loss before the policy issued would affect its right to recover; (see *Mead* v. *Phenix Ins. Co.* 158 Mass. 124, 126; *Hallock* v. *Commercial Ins. Co.* 2 Dutch. 268;) nor what is the amount for which the defendant is liable if the plaintiff is entitled to maintain its action.

The defendant contends that the provision in the policy in regard to a reference in case the parties are unable to agree as to the amount of loss is a condition precedent to the plaintiff's right to maintain an action, and that, not having been complied with or waived, as it insists, it is a bar to the maintenance of the action.

The provision in the policy is the same as that in the standard form established by St. 1887, c. 214, § 60, and is as follows: "In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third being selected by the two so chosen; the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference unless waived by the parties *shall be a condition precedent to any right of action in law or equity to recover for such loss.*" The Italics are those of the standard form as enacted, and are also in the policy. We think that this constitutes a condition precedent. It is de-

clared to be so in express terms.  But for that declaration it is doubtful if it could be so regarded.  *Reed* v. *Washington Ins. Co.* 138 Mass. 572, 575.  *Clement* v. *British American Assurance Co.* 141 Mass. 298.  The policy does not provide that no action shall be brought upon it until or unless (which are the words more commonly signifying a condition precedent) the amount has been ascertained by arbitration.

The condition being a condition precedent, it is incumbent on the plaintiff to show that it has complied with it, or that the defendant has waived it.  The plaintiff contends that there is evidence tending to show that it has been waived by the defendant. The losses occurred on different dates, from December 5, 1890, to January 23, 1891, inclusive.  The plaintiff sent proofs of loss to the defendant on March 10, 1891.  On April 13 following, the defendant sent a letter to the plaintiff asking for further information in regard to certain matters, and using in the letter the following language: " Please understand we do not intend by anything herein said to make any admission of legal liability, reserving the settlement of that question until after we shall have obtained further information."  If this cannot be fairly interpreted as a positive denial of liability on the part of the defendant, it at least cannot be construed as an admission of liability, and we think that the plaintiff was justified in assuming, if it did so assume, that the defendant did not concede, but refused to admit, its liability, and was not ready to pay the losses until it had obtained further information, without intimating that it might then be ready to pay them.  It is noticeable that the letter, neither in terms nor inferentially, expresses even a qualified willingness to pay the losses, or any of them, or suggests that the only question is one of amount.  The plaintiff furnished the information required.  Subsequently other information was asked for and furnished, and finally, on May 29, 1891, the plaintiff, in reply to a letter from the defendant dated May 28, asking for still further information, stated that certain proofs which had been furnished were correct, and requested the defendant to inform it at an early date " regarding your intention to pay said claims."  To this, so far as appears, the defendant made no reply, and the plaintiff, after waiting till May 18, 1892, nearly a year, brought suit.  It would seem from

one or two of the letters, and from some testimony as to certain interviews between the plaintiff's general agent and the defendant's vice president, that at the dates of those letters and interviews the defendant was investigating the amounts of the losses, but there is nothing to show that the declaration quoted above from the letter of April 13, 1891, was ever qualified or withdrawn. Neither is there anything to show that the defendant ever requested that the matter should be submitted to arbitration, or did anything whatever after receiving the letter of May 29, 1891, from the plaintiff. There was also testimony tending to show that, in interviews between the treasurer of the plaintiff and agents and representatives of the defendant, the latter refused to pay, and denied the liability of the defendant, and never suggested that the loss should be submitted to arbitration.

It is well settled that an insurance company may waive conditions inserted in the policy for its benefit, and that such waiver may be inferred from the conduct of its agents and representatives. *Wainer* v. *Milford Ins. Co.* 153 Mass. 335. *Jones* v. *New York Ins. Co.* 168 Mass. 245, 248. *Hayes* v. *Milford Ins. Co.* 170 Mass. 492. *Lewis* v. *Monmouth Ins. Co.* 52 Maine, 492. *Heaton* v. *Manhattan Ins. Co.* 7 R. I. 502.

The statute providing that failure on the part of an insurance company to do certain things shall constitute a waiver of the right to arbitration does not prescribe the only mode in which a company may waive the right. *Wainer* v. *Milford Ins. Co., ubi supra.* It may be waived orally. *Hutchinson* v. *Liverpool & London & Globe Ins. Co.* 153 Mass. 143, 145.

We think that it would have been competent for the jury to find that the defendant did not rely on the provision in regard to arbitration for the losses, and that the plaintiff was justified in assuming, if it did so assume, that the question was primarily one of liability, and not of amount. The neglect of the defendant to reply to the plaintiff's letter of May 29, 1891, demanding payment, and its subsequent conduct, are circumstances which the jury might find more consistent with this view than with the view that the question was one of amount, especially when considered in connection with the testimony that the defendant had denied its liability, and did not at any time seek to have the matters in dispute submitted to arbitration. A majority

of the court think that the question of waiver should have been submitted to the jury.

The defendant also contends that performance of the condition, or excuse for its non-performance, should have been alleged. This is true. See Pub. Sts. c. 167, § 2, cl. 10; *Palmer* v. *Sawyer*, 114 Mass. 1, 13. But the declaration was not demurred to, and can be amended.          *Exceptions sustained.*