MORRIS WEISMAN *vs.* FIREMEN'S INSURANCE COMPANY.

Bristol.    March 8, 1911. — May 17, 1911.

Present : KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Insurance,* Fire.    *Referee.    Notice.*

In an action on a policy of fire insurance in the Massachusetts standard form, which contains the usual clause requiring that, in case of a failure of the parties to agree, the amount of loss shall be ascertained by arbitration as a condition precedent to any right of action, if the plaintiff merely shows that at his request three referees were selected, who met, heard the parties and prepared and signed an award determining the amount of the plaintiff's loss, this is not enough, and he must show further that in some way the award was made known to the plaintiff and to the defendant; because the arbitration clause requires by necessary implication that the award shall be transmitted to the parties or published by giving notice to them of the decision.

CONTRACT upon a policy of fire insurance covering household furniture and a stock of merchandise of the plaintiff alleged to have been destroyed by fire on February 15, 1909.    Writ dated October 20, 1909.

In the Superior Court the case was tried before *Bell,* J., without a jury.    The material facts in evidence and the findings of the judge, which in the bill of exceptions are stated very briefly, are shown better by the memorandum of decision filed by the judge [strictly not brought before this court], which was as follows :

" The evidence before me tended to prove, and I find, that in pursuance of the terms of the policy, three referees were appointed, who afterwards met and considered and agreed upon the amount of the loss.    They then made out two written reports which they signed.    One of these, which was produced at the trial, was defective.    It consisted of two items, stock and household furniture.    It stated the value of the household furniture but the value of the stock was left blank.    The other report, in which the value of the stock was filled in, went into the possession of one Cooley, who was the referee appointed by the insurance company.    Beyond that it was not traced.    The defendant objected that an award was essential before suit could be brought and that none was proved.

" I accordingly rule that the facts which I have found do not prove that an award was made. To make a complete award I rule that it must be delivered or published. *Kingsley* v. *Bill*, 9 Mass. 198. See also *Anderson* v. *Miller*, 108 Ala. 171, 178. . . .

" I do not find that an award was prevented by the referee appointed by the company, or through its influence, so that it would bring the case within *Grady* v. *Home Fire & Marine Ins. Co.* 27 R. I. 435, and like cases, and relieve the plaintiff from proving an award. Two referees were entitled to make the award without the action of the referee appointed by the defendant.

" I do not understand that the plaintiff desires to rely upon the award which I have spoken of, which would give him only $59.

" The above findings and rulings require me to find for the defendant."

The judge accordingly found for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*D. R. Radovsky*, for the plaintiff.

*F. W. Brown & W. L. Came*, for the defendant.

BREALEY, J. The exceptions are meagre almost to the point of obscurity, but we assume that the policy was issued under R. L. c. 118, § 60, and that the terms of the policy required as a condition precedent to any right of action, that the amount of loss should be ascertained by arbitration. But if the judge was satisfied that arbitrators were duly chosen, who met, heard the parties, and prepared and signed an award determining the loss on the plaintiff's stock and furniture, he also found that it was not delivered, or notice of their decision communicated to either party. The form of submission is not before us. It may have been oral or in writing, and may or may not have provided that notice should be given. The company, however, declined to adjust the insurance after notice and proof of loss had been given, and, if we infer that thereupon at the plaintiff's request three referees were selected as stated in the record, the purpose of the arbitration clause would be nullified, unless in some suitable form the result of the reference was made known to the plaintiff and the defendant. The board acts as an arbitral tribunal whose

decision, if accepted by the insurer, determines the amount of liability, while, if rejected, the insured may sue at once to recover for the loss.   If the award is executed in duplicate and delivered to each party, it also is published, or delivery of the award to the insured, if he prevails, and notice by him to the company, with a demand for payment, is a publication.   *Plummer* v. *Morrill,* 48 Maine, 184.   *Knowlton* v. *Homer,* 30 Maine, 552.   *Rixford* v. *Nye,* 20 Vt. 132.   Or it may be published by the arbitrators reading the award to the parties.   *Rundell* v. *La Fleur,* 6 Allen, 480. But whatever form may be adopted, it is clearly implied by the clause of arbitration, that to be effective and complete, the award must be transmitted to the parties, or published by giving notice to them of the decision.   *Kingsley* v. *Bill,* 9 Mass. 198. The plaintiff having failed to bring himself within the condition, the judge correctly ruled, that the action could not be maintained.

*Exceptions overruled.*