CATHERINE L. HANLEY & another *vs.* ÆTNA INSURANCE
COMPANY.

Suffolk.   November 11, 1912. — September 11, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Insurance*, Fire. *Reference and Referee. Contract*, Construction. *Words*, "Reference."

In an action on a policy of insurance against fire in the Massachusetts standard
form, where the defendant relied on the defense that the award of the referees
as to the amount of loss was invalid, because the referees had refused to hear the
evidence offered by the defendant, it did not appear what the evidence was that
the defendant offered to introduce before the referees, and *it was said* by this
court, that, had they not preferred to base their decision on a broader ground,
they might have disposed of the case on the ground that the burden was on the
defendant to show that the evidence excluded was material and that the defend-
ant had been harmed by the exclusion, and that such burden had not been
sustained.

Discussion by LORING, J., of the cases in other jurisdictions upon the question
whether referees to determine the amount of a loss by fire under a clause in a
policy of insurance similar to that contained in the Massachusetts standard
form of policy should sit as a *quasi* court and make their determination on
evidence presented by the respective parties or whether they should ascertain
the facts in any fair way satisfactory to themselves.

Discussion by LORING, J., of the history and purpose of the statutes, which resulted
in St. 1887, c. 214, § 60, now St. 1907, c. 576, § 60, establishing the present
Massachusetts standard form of fire insurance policy, especially in relation to
the clause providing for the determination of the amount of the loss by referees.

Referees appointed to determine the amount of a loss by fire under the Massa-
chusetts standard form of fire insurance policy, set forth in St. 1907, c. 576, § 60,
may determine the amount of such loss in any way that in the exercise of an
honest discretion they may think wise, and their award will not be made in-
valid by a refusal in good faith to hear evidence offered by the insurance company
as to the amount of the loss.

In deciding that the referees, appointed to determine the amount of a loss by fire
under the Massachusetts standard form of fire insurance policy, may determine
the amount of such loss in any way that in the exercise of an honest discretion
they think wise, it was *said*, that, where a building insured is wholly destroyed,
it ordinarily would be a wise exercise of discretion for the referees to determine
the amount of the loss after a hearing conducted in the usual way in which
civil cases are tried.

In an action on a policy of fire insurance in the Massachusetts standard form,
where the defense relied upon was that the award of the referees determining
the amount of loss was invalid, and where the trial took place more than two

years after the fire so that, if the present action could not be maintained, no new action could be brought within the limit of time fixed by the policy, *it was said,* in deciding that the award was valid, that, if the award had been invalid, it would not follow necessarily that judgment should be entered for the defendant. The court expressed no opinion on the question, whether the provision in the standard form of policy that "such reference unless waived by the parties shall be a condition precedent to any right of action" makes the condition precedent the reference only or whether an award completing the reference is also a part of the condition.

LORING, J. This is an action on a policy of fire insurance in the form prescribed by St. 1907, c. 576, § 60, brought to recover the amount found by referees appointed in accordance with the terms of the policy to have been the amount of injury done to the plaintiffs' building by a fire against which the plaintiffs were insured. The building in question was injured but not destroyed. At the trial the defendant insurance company proved by the testimony of the third referee that the referees had refused to admit evidence offered by it bearing on the amount of the loss. The third referee testified that the award was made on what he saw, aided by thirty years' experience in the lumber business and by his experience in having buildings erected for him, and that he did not think that the evidence offered was worthy of consideration. It was agreed by counsel that this evidence was to be taken to be true. It is a fair inference from the report that it covered the action of the other referee who signed the award. On re-cross examination by the defendant's attorney the third referee, in answer to the question, "And you considered it to be your duty, in making that examination, to rely solely upon what you could see yourself," testified that he did. We do not construe this to modify his preceding testimony that the evidence offered was excluded because the referees in their discretion decided not to admit it. It is expressly stated in the report that the defendant did not question the good faith of the two referees who signed the award.

Upon this testimony the presiding judge * ruled that as matter of law the award was invalid because the referees refused to hear the evidence offered by the defendant, and directed a verdict for the defendant. The case is here on report.

It did not appear at the trial in the Superior Court what the

---

* *Fox,* J.

evidence was which the defendant offered to introduce before the referees. If the defendant had a right to put in any pertinent evidence before the referees, the burden was on the defendant to show that the evidence excluded in the case at bar was material and that the defendant was harmed by the exclusion. That burden was not sustained here by the defendant, and this case might be disposed of on that ground. But the conduct of hearings by referees appointed under the Massachusetts standard form of fire insurance policy is a practical matter of almost daily occurrence which should not be left in uncertainty. For that reason we prefer to decide the case on the broader ground that it is within the discretion of the referees, in cases like the case at bar, to admit evidence or to find the amount of the loss by inspection, or by inspection and information obtained by them in such way as they in their discretion think fit.

It was decided in *Christianson* v. *Norwich Union Fire Ins. Society*, 84 Minn. 526, that referees appointed under a standard form of policy like our own (see Gen. Laws of Minn. 1895, c. 175, § 53) should sit as a *quasi* court and decide the case on evidence offered by the respective parties. There had been a previous decision to the same effect (*Mosness* v. *German-American Ins. Co.* 50 Minn. 341), when there was no standard form of policy in that State (see Gen. Laws of Minn. 1889, c. 217), and where the policy in question contained the provision which is found in the New York standard form. For subsequent cases confirming the decision in *Christianson* v. *Norwich Union Fire Ins. Society, ubi supra*, see *Redner* v. *New York Fire Ins. Co.* 92 Minn. 306; *Schoenich* v. *American Ins. Co.* 109 Minn. 388. There is a similar decision in South Dakota (*Mason* v. *Fire Association of Philadelphia*, 23 So. Dak. 431), under a standard form of policy like that prescribed in New York. See Laws of South Dakota, 1893, c. 105. And in *Canfield* v. *Watertown Fire Ins. Co.* 55 Wis. 419, a similar decision was made in case of a policy which was not prescribed by statute but which contained the provision found in the New York standard form of fire insurance policy stated later on.

The opposite conclusion however has been reached in every other State in which the question has arisen. See *Bangor Savings Bank* v. *Niagara Fire Ins. Co.* 85 Maine, 68; *Hall* v. *Norwalk Fire Ins. Co.* 57 Conn. 105; *Townsend* v. *Greenwich Ins. Co.* 86 App.

Div. (N. Y.) 323, affirmed in 178 N. Y: 634; *Royal Ins. Co.* v. *Ries*, 80 Ohio St. 272; *Vincent* v. *German Ins. Co.* 120 Iowa, 272; *Liverpool & London & Globe Ins. Co.* v. *Goehring*, 99 Penn. St. 13; *Stout* v. *Phœnix Assur. Co.* 20 Dick. 566; *American Central Ins. Co.* v. *Landau*, 17 Dick. 73, 93; *Carlston* v. *St. Paul Fire & Marine Ins. Co.* 37 Mont. 118; *American Steel Co.* v. *German-American Fire Ins. Co.* 187 Fed. Rep. 730. See also *Continental Ins. Co.* v. *Vallandigham*, 116 Ky. 287, 300. These cases have arisen under the New York standard form of policy or under a policy not prescribed by statute which contained a clause like that in the New York standard form. The New York standard form provides that: "In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and failing to agree shall submit their differences to the umpire, and the award in writing of any two shall determine the amount of such loss." For the New York standard form see 1 Clement, Fire Ins. (1905 ed.) 474, and *Fleming* v. *Phœnix Assur. Co.* 75 Hun, 530. It is not of consequence whether the persons who are to fix the amount of the loss as between the insured and the insurer are called appraisers or referees, nor whether their decision is called an award or an appraisal. We do not overlook the fact that in the New York standard form it is called an award. If the rights of the parties are fixed by persons called appraisers and their conclusion is called an appraisal, they are in effect referees and their conclusion is in effect an award.

The history and purpose of the statutes which resulted in St. 1907, c. 576, § 60, establishing the Massachusetts standard form of fire insurance policy containing the clause here in question, show that the referees appointed under it were intended to be referees of the character previously described in *Palmer* v. *Clark*, 106 Mass. 373, theretofore well known in the jurisprudence of this Commonwealth. See *Flint* v. *Gibson*, 106 Mass. 391; *Robbins* v. *Clark*, 129 Mass. 145; *Haley* v. *Bellamy*, 137 Mass. 357. In *Palmer* v. *Clark*, Colt, J., at p. 389, said: "A reference to a third person to fix by his judgment the price, quantity or quality of

material, to make an appraisement of property and the like, especially when such reference is one of the stipulations of a contract founded on other and good considerations, differs in many respects from an ordinary submission to arbitration. It is not revocable. The decision may be made without notice to or hearing of the parties, unless such notice and hearing be required by express provision or reasonable implication; and it may be made upon such principles as the person agreed on may see fit honestly to adopt, or upon such evidence as he may choose to receive."

Before any statute on the subject had been enacted, a contest under a policy of fire insurance almost always was begun by putting the insured to a proof of the amount of his loss. That generally meant a reference to an auditor whose conclusion, often reached after many hearings extending over a long period of time, was subject to revision at the trial of the cause in court. Such a method of determining the amount of loss under a fire insurance policy was an unsatisfactory one, and it was manifestly the purpose of the statutes which ended in St. 1887, c. 214, § 60 (now St. 1907, c. 576), to do away with it and provide a better one. The form of policy first prescribed by statute in Massachusetts (St. 1873, c. 331) provided that: In "case any difference of opinion shall arise as to the rights of the parties under this policy, the subject thereof shall be referred to three disinterested men . . . and the decision of a majority of said referees shall be final and binding on the parties." The second standard form prescribed by St. 1881, c. 166 (re-enacted in Pub. Sts. c. 119, § 139), contained the same provision "as to the amount of loss under this policy." It was held in *Reed* v. *Washington Fire & Marine Ins. Co.* 138 Mass. 572, that under this last provision the insured could maintain an action on the policy without procuring an award by referees as therein provided. The ground of this decision was that the provision as to having the amount of loss decided by referees was an agreement to refer a cause of action, not a provision "that a cause of action shall arise upon the appraisal or award, which is preliminary to, and in aid and a condition of, the right of action," to quote the words of W. Allen, J., in that case. See pp. 575, 576. Soon after that decision a change was made by St. 1887, c. 214, § 60, and the present provision (now found in St. 1907, c. 576, § 60) was inserted in the standard form of fire

insurance policy.  The present provision is: "In case of loss under this policy and a failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third being selected by the two so chosen; the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference unless waived by the parties shall be a condition precedent to any right of action in law or equity to recover for such loss; but no person shall be chosen or act as a referee, against the objection of either party, who has acted in a like capacity within four months."  It was held in *Lamson Consolidated Store Service Co.* v. *Prudential Fire Ins. Co.* 171 Mass. 433, that unless waived by the parties this clause created a condition precedent.

The manifest purpose of these enactments was to provide for a new method of determining the amount of loss in place of having that question decided in the way in which cases are tried in court. We cannot believe that it was intended that the referees who were substituted for the court (including an auditor, if appointed, or a jury, if claimed, or both) should be bound to try this question of fact as such questions are tried in civil actions in court.  On the contrary we are of opinion that the purpose of these enactments (which ended in St. 1887, c. 214, § 60, now St. 1907, c. 576, § 60) was to adopt the summary method of establishing the amount of the loss which theretofore had been explained in *Palmer* v. *Clark* and had become familiar knowledge from the subsequent cases of *Flint* v. *Gibson, Robbins* v. *Clark,* and *Haley* v. *Bellamy, ubi supra.* It would be hard to reconcile the decision made in *Farrell* v. *German-American Ins. Co.* 175 Mass. 340, with any other view.

We are therefore of opinion that referees appointed under the Massachusetts standard policy are not bound to receive evidence upon the amount of the loss, but may proceed to determine that fact in any way in which in the exercise of an honest discretion they may think wise.  It follows that the award in the case at bar was not invalid because the referees in their discretion refused to hear the evidence offered by the defendant.

We think it proper to add that when the building insured is wholly destroyed it would be a wise exercise of discretion — ordi-

narily, at any rate — to determine the amount of loss in the usual way in which civil cases are tried. See in this connection Lurton, J., in *Continental Ins. Co.* v. *Garrett*, 125 Fed. Rep. 589, 592, and *Carlston* v. *St. Paul Fire Ins. Co.* 37 Mont. 118.

There is one other matter which we think should not be passed by, if for no other reason because by our silence we might be taken to have approved the action taken by agreement in the Superior Court. By the terms of the report if the award was invalid judgment was to be entered for the defendant. The fire here in question happened on September 11 and 12, 1909. The trial took place December 11, 1911. By force of the clause in the policy providing that no suit or action for any claim by virtue of the policy shall be sustained unless begun within two years from the time the loss occurred, no action other than the one now before us ever can be brought on this policy. If the course sanctioned by the Superior Court is right, an insurance company can lie by until it is too late for a new action to be brought and then for the first time assert that an award is invalid, and if invalid, that it is entitled to judgment. It has been held in other jurisdictions that in case an award turns out to be invalid without fault on the part of the insured, a new appraisement should be made, or if that is refused, an action can be brought on the policy, in which the damages can be proved without resort to referees. See for example *Caledonia Ins. Co.* v. *Traub*, 83 Md. 524; *Christianson* v. *Norwich Union Fire Ins. Society*, 84 Minn. 526; *Levine* v. *Lancashire Ins. Co.* 66 Minn. 138. But see in this connection *Weisman* v. *Firemen's Ins. Co.* 208 Mass. 577. It is to be observed that it is a "reference" to referees, not an award by referees which by the literal terms of the Massachusetts standard policy is made a condition precedent. We express no opinion upon the question whether the condition precedent created by this clause is limited to a reference only, or covers all acts which a reference requires including an award. In this respect the Massachusetts standard form differs from the New York form which provides that the loss shall not become payable until sixty days after (*inter alia*) an award by appraisers when an appraisal has been required. See 1 Clement, Fire Ins. (1905 ed.) 479.

By the terms of the report the entry must be judgment for the plaintiffs for $429.70, with interest less $25, being one half the

sum paid by the defendant to the third referee for his services. That is to say, the plaintiffs are entitled to interest on $429.70 from the expiration of sixty days after the plaintiffs submitted a statement in writing of their loss.

*So ordered.*

*D. H. Fulton,* for the plaintiffs.
*W. L. Came,* for the defendant.