SECOND SOCIETY OF UNIVERSALISTS IN THE TOWN OF BOSTON
*vs.* ROYAL INSURANCE COMPANY, LIMITED.

Suffolk.   March 23, 1915. — June 28, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Insurance,* Fire. *Arbitrament and Award. Contract,* Performance and breach. *Equity Jurisdiction,* Adequate remedy at law. *Pleading, Civil,* Declaration.

An allegation, in the declaration in an action of contract upon a policy of fire insurance in the Massachusetts standard form seeking to recover damages greater than the amount awarded by arbitrators to whom the question of the amount of the loss was referred under the terms of the policy, that no notice of hearings before the arbitrators was given to the insured by the arbitrators, is not sufficient to warrant the overruling of a demurrer to the declaration on the ground that such lack of notice made an award by the arbitrators invalid, there being no allegation that the insured did not have notice of the hearings and was not heard, and such facts not being inferrible from the allegation made.

The requirement of R. L. c. 194, § 7, that the arbitrators there referred to shall "meet and hear the parties" necessarily implies that they shall hear and consider relevant evidence.

Where an agreement for arbitration between the insured and the insurer of the question of the amount of loss under the provisions of a policy of fire insurance in the Massachusetts standard form provides "that the provisions of" R. L. c. 194, §§ 6, 7, "shall apply as a part of the agreement for this submission," the arbitrators must hear and consider relevant evidence, and if they refuse to hear any evidence from the insured and give him no opportunity to present any evidence bearing on the question of his loss or damage occasioned by the fire, an award made by them is invalid.

*It seems,* however, that such arbitrators at their hearings would not be bound by the strict rules of evidence, but might proceed by the summary methods implied in an arbitration.

Under the provisions of a policy of fire insurance in the Massachusetts standard form, which was issued after the enactment of the provision of St. 1907, c. 576, § 57, that "if buildings insured against loss by fire, and situated within this Commonwealth, are totally destroyed by fire, the company shall not be liable

beyond the actual value of the insured property at the time of the loss or damage" if the insured property is a "total loss," arbitrators as to the amount of the loss, appointed under the provisions of the policy, are warranted in refusing to take into account loss caused to the insured by the tearing down of a part of the walls of the building by municipal authorities at the expense of the insured or by the insured on the order of such authorities but for the safety of the public after the fire was under control but before it was extinguished, and an increased cost of rebuilding due to the fact that under certain building laws the insured must use more expensive materials.

General allegations of fraud, bias and prejudice of certain arbitrators, set forth in a declaration without specification of definite acts upon which they are based, are not enough to require judicial inquiry into the validity of an award made by the arbitrators.

Mere inadequacy of an award by arbitrators, appointed under the provisions of a policy of fire insurance in the Massachusetts standard form to determine the amount of loss suffered by the insured, is no ground for setting aside the award if it was made honestly and without mistake.

It was alleged in the declaration in an action upon a policy of fire insurance in the Massachusetts standard form that the award made by arbitrators appointed under the provisions of the policy was "grossly inadequate." It appeared from other allegations in the declaration that the insured claimed $100,000, that a part of his claim was based upon contentions unsound as a matter of law and that the arbitrators awarded him $57,604. The defendant demurred to the declaration. *Held,* that the allegation that the award was "grossly inadequate" was not sustained by the allegations of the declaration.

The provisions of a policy of fire insurance in the Massachusetts standard form, relating to the submission to arbitration of the question of the amount of loss suffered from a fire within the terms of the policy, are valid.

Under the provisions of a policy of fire insurance in the Massachusetts standard form, while a reference to arbitrators of the question of the amount of loss, as therein provided for in case the parties are unable to agree, is a condition precedent to a right of action upon the policy, the return of an award or the making of a valid award is not such a condition precedent.

If one insured against loss by fire under the provisions of a policy of fire insurance in the Massachusetts standard form, after suffering a loss, is unable to agree with the insurer upon the amount of the loss and in accordance with the provisions of the policy that question is submitted to arbitrators who return an award which under the circumstances is invalid as a matter of law, and if thereafter the insured offers to proceed with a new arbitration but the insurer refuses to join therein and insists upon the validity of the award already made, the insured need not resort to a suit in equity for an adjudication of the invalidity of the award, but has an adequate remedy at law in an action upon the policy. In such an action he may prove the invalidity of the award and may recover the amount justly due him under the provisions of the policy; and the insurer, if he contends that the award is valid, may offer it in defence to the action.

CONTRACT upon a policy of fire insurance in the Massachusetts standard form. The material allegations of the declaration as amended are described in the opinion. Writ dated October 15, 1914.

The defendant demurred. The demurrer was heard by *Wait,* J., and was sustained, and judgment was entered for the defendant. The plaintiff appealed.

*J. J. Higgins,* (*A. A. Gleason* with him,) for the plaintiff.

*H. E. Warner,* for the defendant.

RUGG, C. J. This is an action of contract upon a policy of fire insurance in the Massachusetts standard form. The material allegations of the declaration, after averring the issuance of the policy, a total loss by fire of the building insured, and the inability of the parties to agree upon the loss resulting from the fire, are that there was a reference of the amount of damage to arbitration as provided in the statute and an award by a majority of the referees only, and a refusal by the third to join in the award because of a belief that it did not contain all the loss suffered by the fire, and further that the award so made is invalid because the referees (1) failed to give to the plaintiff notice of hearings held by them, (2) "refused to hear any evidence from the plaintiff, and gave the plaintiff no opportunity to present any evidence bearing on the question of its loss or damage occasioned by the fire," (3) refused to take into account loss caused to the plaintiff by the tearing down of a part of the walls of the building by the city of Boston at the expense of the plaintiff, but for the safety of the public, after the fire was under control but before it was extinguished, (4) would not consider loss sustained by the plaintiff by being required at its own cost to tear down a part of the walls of the building, (5) refused to estimate as a part of its loss the increased cost of rebuilding due to the fact that under the building laws the plaintiff must rebuild a new structure to take the place of the one destroyed, of much more expensive materials, and (6) returned an award for a sum "grossly inadequate, unjust and inequitable."

The first of these allegations of invalidity is not sufficient to overturn the award. It is merely that no notice of hearings was given to the plaintiff by the referees, but not that no hearings were given as required by the terms of the reference, nor that the plaintiff did not in fact have notice of the hearings and was not heard. For aught that appears, the plaintiff in truth may have known all about the hearings and been heard at length. This allegation does not go far enough to show that any sub-

stantial right of the plaintiff was affected. No intendment in this respect can be made in favor of the pleader. *Bowker v. Torrey,* 211 Mass. 282. *Eldredge v. Mutual Life Ins. Co.* 217 Mass. 444.

The next averment is that the referees refused to hear evidence as to the loss. The amount of loss was the only matter submitted to them. It was quite disconnected with general liability of the defendant to the plaintiff, and with all other questions. *Rockwell v. Hamburg-Bremen Fire Ins. Co.* 212 Mass. 318. The reference was in writing. It was not in the brief words of the policy, but it expressly incorporated into its terms by reference Pub. Sts. c. 188, §§ 6, 7 (now R. L. c. 194, §§ 6, 7).* That chapter is the general law authorizing reference to arbitration. Section 7 provides that arbitrators shall "meet and hear the parties." While it is not specifically stated in either of these sections that evidence must be received, it is implied by every fair intendment. The requirement in a general law touching arbitration that there must be a hearing, of necessity means listening to relevant evidence. All controversies which may be the subject of an action at law or a suit in equity may be submitted to arbitration under the statute. Pub. Sts. c. 188, § 1. R. L. c. 194, § 1. In most instances it would be impossible in the nature of things for the arbitrators to decide the controversy with any degree of intelligence, except after a hearing where evidence was received. In no other way could a just decision reasonably be expected. This has been the universal practice under general arbitrations. *Lincoln v. Taunton Copper Manuf. Co.* 8 Cush. 415. *Conrad v. Massasoit Ins. Co.* 4 Allen, 20, 22. *Peabody v. Rice,* 113 Mass. 31, 34. *Nay v. Boston & Worcester Street Railway,* 192 Mass. 517, 521. By the reference to the procedure under the general law as to submissions to arbitration, the practice as to the kind of hearing there necessary was imported into the reference here under review. The parties might agree to a reference somewhat broader or more detailed in its scope than the policy demanded, and such an agreement is binding upon them.

---

* The portion of the agreement for arbitration there referred to was as follows: "It is understood . . . that the provisions of Sections Six and Seven of Chapter 188 of the Public Statutes shall apply as a part of the agreement for this submission. . . ."

The requirement that the referees should "meet and hear the parties" implies in this connection that relevant evidence if offered shall be received and considered.  *Warner* v. *Collins,* 135 Mass. 26.  *Palmer* v. *Clark,* 106 Mass. 373, 389.

That there shall be a hearing does not mean that the referees must be bound by the strict rules of evidence.  They may proceed by the summary methods implied in an arbitration.  But they could not arbitrarily reject all material evidence under such a reference as the present.

An award regularly made is not lightly to be set aside, even though there were informalities and irregularities.  An award should stand "unless it plainly appears that the acts of alleged misconduct have prejudiced or may have prejudiced the party complaining, or have violated those well settled rules which justice requires should be observed in order to ensure the fair determination of the matters in dispute."  *Farrell* v. *German American Ins. Co.* 175 Mass. 340, 347.  *Jones* v. *Boston Mill Corp.* 6 Pick. 148.  *Smith* v. *Boston & Maine Railroad,* 16 Gray, 521.  But a refusal to hear parties when the submission requires a listening to evidence goes to the root of a reference like the present.  See *Hills* v. *Home Ins. Co.* 129 Mass. 345.

It is not necessary to determine the effect of St. 1910, c. 489, which makes it the duty of referees "to meet within ten days after the appointment of the third referee to hear the evidence in the case," nor to decide how far that statute affects *Hanley* v. *Ætna Ins. Co.* 215 Mass. 425, which arose under a policy to which it was not applicable.  The terms of the reference in the case at bar made imperative the hearing of evidence and distinguish it from *Hanley* v. *Ætna Ins. Co.*  Indeed, it is pointed out in the opinion in that case, 215 Mass. 430, 431, that, ordinarily, when the building insured is wholly destroyed (as it is alleged to have been in the case at bar), it would be the wise course for referees to receive evidence and "to determine the amount of loss in the usual way in which civil cases are tried."

The refusal of the referees to take into account as elements of loss the cost caused to the plaintiff by the tearing down of the walls of the building during the progress of the fire, at its expense, by public officers, and after the fire, by itself, at its own expense, and the increased cost of rebuilding due to the fact that under the

building laws a new structure must be of more expensive materials, was right. The controlling allegation in this aspect of the case is that the building was a total loss. It is provided by St. 1907, c. 576, § 57, that "if buildings insured against loss by fire, and situated within this Commonwealth, are totally destroyed by fire, the company shall not be liable beyond the actual value of the insured property at the time of the loss or damage." This statute was in force at the time when the policy here in question was issued. The standard form of insurance policy is set forth in the same statute. Therefore, it is obvious that the rule of damage in case of total loss established by the section just quoted is the one by which the parties to this action are bound. It is not alleged that the referees through prejudice refused to consider the existence of the building ordinance as bearing upon the actual value of the old building just before its destruction by fire, if it had any effect in this regard. Plainly, the elements of loss contended for had no relation to the actual value of the insured property. Considerations which might be germain to an inquiry as to the amount of damage resulting from a partial destruction of the building insured, have no place where there is a total destruction by fire. *Hewins* v. *London Assurance Corp.* 184 Mass. 177.

The final averment is that the gross inadequacy of the award is a ground for setting it aside. This is supported by the further allegation that it arose from the fraud, bias and prejudice of the referees. But this is wholly general, without specification of facts. It is plain that general allegations of fraud, and likewise of bias and prejudice, without stating definite acts which constitute a fraud or bias and prejudice, are not enough to require judicial inquiry. *Nichols* v. *Rogers,* 139 Mass. 146. *Nye* v. *Storer,* 168 Mass. 53, 55. *Garst* v. *Hall & Lyon Co.* 179 Mass. 588, 590. *Wallingford* v. *Mutual Society,* 5 App. Cas. 685, 697. Mere inadequacy of an award honestly made without mistake is no ground for setting it aside. The parties, having chosen their tribunal, are bound by its decision no matter what may be its infirmities of judgment. *Boston Water Power Co.* v. *Gray,* 6 Met. 131. *Rundel* v. *LaFleur,* 6 Allen, 480. As there is no allegation of mistake, that may be laid out of the case. But the plaintiff is entitled to an honest award free from the taint of fraud or prejudice. An award might be so grossly and palpably below the

actual loss as to afford intrinsic evidence of fraud, bias or prejudice. But, in order to reach to this point, the inadequacy of the award must be, to use the words of Lord Thurlow in *Gwynne* v. *Heaton,* 1 Bro. C. C. 1, at page 9, "so strong, gross and manifest, that it must be impossible to state it to a man of common sense, without producing an exclamation at the inequality of it."

The inadequacy averred in the case at bar is the difference between an alleged value of $100,000 and the award of $57,604. The value as alleged must be assumed in the absence of other specification to be the estimate of value made by the plaintiff, for no other standard of value is set forth. The difference between the claim or estimate of a party plaintiff and the fact not infrequently is as great in proportion as that here alleged. It would scarcely evoke an exclamation of astonishment from the ordinary person of sound sense to be told that an award in a case of taking under eminent domain was fifty-seven per cent of the claim advanced by the landowner. Inquiries as to value in insurance cases of total loss in general resemble those in takings by eminent domain. The allegation of inadequacy loses some of its force when read in conjunction with the averments that three elements of damage put forward by the plaintiff, one of which is said to be at least $20,000, were disallowed by the referees; all three of these claims have been shown to be unsound in law by what has been said. The inadequacy of the award here alleged, in view of all the circumstances, does not by itself alone show fraud, bias or prejudice by the referees.

The only allegation of invalidity of the award which is sound, is that the referees refused to hear evidence as to the loss. The averment in this respect is sufficient to show invalidity under the terms of the reference.

The contract of insurance set out in the declaration is that the company, within sixty days after the insured shall have notified the company of the fire in writing, or furnished it a sworn statement on request, St. 1910, c. 552, "shall either pay the amount for which it shall be liable, which amount if not agreed upon shall be ascertained by award of referees as hereinafter provided," or replace the property, or rebuild or repair the property. Only the first of these three alternative courses open to the insurer has any bearing upon the present case.

The obligation to pay thus becomes operative within sixty days from a date easily susceptible of accurate ascertainment. The way "hereinafter provided" for determining the amount of the insurer's liability is that, in case of failure of the parties to agree, "the amount of such loss shall be referred to three disinterested men" chosen in a manner designated and that "the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference unless waived by the parties shall be a condition precedent to any right of action in law or equity to recover for such loss." It is to be observed that the obligation of the insurer to pay is not within sixty days after the return of the award as is that of the present New York standard form. See *Hanley* v. *Ætna Ins. Co.* 215 Mass. 425. It is within sixty days after the notice of the fire or the furnishing of the sworn statement when that is demanded. The obligation to pay ripens at that time even though the precise amount may not then have been ascertained. The contract is unmistakably imperative in its provision that the amount of loss of the insured under the policy or of liability of the insurer be fixed either (1) by agreement of parties, or (2) by the award of referees, or (3) inferentially it may be determined by an action in the courts when the award by referees is waived. Where the parties are unable to agree and the reference is not waived, then there can be no recovery according to the contract except for the amount fixed by the award. This is a valid provision. It is not an arbitration of the whole controversy, but only a stipulation that the amount of the damage shall be ascertained summarily. It is a lawful agreement and is not obnoxious to the principle that contracts to oust courts of their jurisdiction are not binding. *Reed* v. *Washington Ins. Co.* 138 Mass. 572. *Lamson Consolidated Store Service Co.* v. *Prudential Fire Ins. Co.* 171 Mass. 433, 434.

It is to be noted, also, that, although the amount of liability or loss must be fixed by reference, the return of the award or the making of a valid award is not "a condition precedent to any right of action in law or equity to recover for such loss." It is "the reference" to these distinterested men and not "the award" by them which is made the condition precedent. Here again the instant policy differs from other insurance contracts

which have been before the courts. Many forms require the award as a condition precedent. That was the requirement of the policy in *Hutchinson* v. *Liverpool & London & Globe Ins. Co.* 153 Mass. 143, 144. See, for example, also *Hamilton* v. *Liverpool & London & Globe Ins. Co.* 136 U. S. 242; *Commercial Union Assurance Co. Ltd.* v. *Dalzell,* 127 C. C. A. 241; *Scott* v. *Avery,* 5 H. L. Cas. 811, 845, 851; *Caledonian Ins. Co.* v. *Gilmour,* [1893] A. C. 85, 90, 96; *Spurrier* v. *LaCloche,* [1902] A. C. 446; *Jureidini* v. *National British & Irish Millers Ins. Co. Ltd.* [1915] A. C. 499, 505, 506; *Wolff* v. *Liverpool & London & Globe Ins. Co.* 21 Vroom, 453; *Early* v. *Providence & Washington Ins. Co.* 31 R. I. 225; *Nurney* v. *Fireman's Fund Ins. Co.* 63 Mich. 633; *Vernon Ins. Co.* v. *Maitlen,* 158 Ind. 393. The short limitation embodied in the policy is that no action or suit shall be sustained unless commenced within two years from the time the loss occurred, without a clause sometimes found in policies of fire insurance, to the effect that the time consumed in arbitration shall be excluded from the period of limitation for bringing an action. This provision rebuts the idea that the right to bring an action must be suspended until after an award. *Clover* v. *Greenwich Ins. Co.* 101 N. Y. 277, 281. It is conceivable that, in the event of controversy between the parties as to the binding force of an award, the time for bringing an action might elapse before an authoritative decision could be obtained. Hence, it is in the interest of justice and fair dealing between the parties that a reference in accordance with the contract of insurance should be the condition precedent to the bringing of an action, and not a valid and binding award.

The "reference" or "the appointment of arbitrators" as the condition precedent of the policy, often has been referred to in our cases. *Union Institution for Savings* v. *Phoenix Ins. Co.* 196 Mass. 230, 236. *Hanley* v. *Ætna Ins. Co.* 215 Mass. 425, 431. *Lamson Consolidated Store Service Co.* v. *Prudential Fire Ins. Co.* 171 Mass. 433, 434. In the opinion in the latter case, it was said at page 435: "The policy does not provide that no action shall be brought upon it until or unless (which are the words more commonly signifying a condition precedent) the amount has been ascertained by arbitration." There is nothing in the decision of *Weisman* v. *Firemen's Ins. Co.* 208 Mass. 577,

at variance with the conclusion here reached. It was assumed as the basis of that decision that the terms of the policy there in question required as a condition precedent to a right of action that the amount of the loss should be ascertained. This assumption was correct and imperative on the record because it had been so ruled in the Superior Court and there were no facts in the bill of exceptions which showed it to be wrong. An examination of the original papers in that case discloses that the terms of the policy were not stated in the bill of exceptions and that it did not appear whether the policy was issued within or without the Commonwealth, nor whether it was in the Massachusetts standard form or not. The assumption made in that opinion that the policy was issued under R. L. c. 118, § 60, was not necessary to the decision.

The declaration is not defective in failing to allege a valid award. It sets forth a reference, which is the only condition precedent, and a reason why the plaintiff is not bound by the award actually made.

There is the further material and decisive allegation that the plaintiff has offered to resubmit to referees the amount of its loss, but the defendant has refused a new reference and insists upon the validity of the award already made, and has waived further reference. Although the allegation in this regard is not as plain as it might be made, it seems to us as matter of interpretation to mean that the defendant refuses to resubmit the matter of loss to the same referees, and refuses to join in a new reference to another board of referees. Therefore, according to the allegations of the declaration the plaintiff has done all in its power to procure a good award. Hence, the case at bar is distinguishable from *Thorndike* v. *Wells Memorial Association,* 146 Mass. 619. This is not a case where on the allegations of the declaration there has been one attempt at reference only and then an action brought on the theory that the requirement of the policy for reference is complied with, although the insured is ready for another reference or further hearings before the same referees. The parties are at a clear and exact issue as to the validity of the award resulting from this reference, the plaintiff saying that it is bad and offering to have another, while the defendant insists upon it and says it is valid, and refuses to join in further proceedings looking

toward another reference or another award. This issue must be decided. If the plaintiff is wrong in its contention as to the invalidity of the award, the amount which it can recover already has been fixed. If the defendant is wrong in its contention, it must be presumed to be ready to have its liability determined in this proceeding, having according to the allegations waived a further reference.

The plaintiff's cause of action in any event is the policy of insurance and not the award. The award, if valid, is simply the evidence as to damage or loss. *Soars* v. *Home Ins. Co.* 140 Mass. 343. There is no occasion, therefore, for resort to equity in order to determine whether the award should be set aside. That question can be determined in the action at law. It is analogous to the determination of questions arising upon an auditor's report. It is the law of this Commonwealth that "an award may be impeached at law for mistake of fact of the arbitrator not appearing on the face of the award but proved by extrinsic evidence." *Barrows* v. *Sweet,* 143 Mass. 316. There are numerous cases to the effect that the whole matter may be determined in an action on the policy. *Sullivan* v. *Traders' Ins. Co.* 169 N. Y. 213. *Canfield* v. *Watertown Fire Ins. Co.* 55 Wis. 419. *Davis* v. *Atlas Assurance Co.* 16 Wash. 232. Those decisions appear to rest upon code provisions rather than upon general juridical principles. While apparently the contrary rule prevails in many other jurisdictions, an examination of the cases shows that in most instances the award rather than the reference is a condition precedent to the action, and hence a plaintiff cannot go forward without alleging and proving the award.*

However it may be elsewhere, our own practice is well settled. Its origin is in the circumstance that in our early jurisprudence the chancery powers of the courts did not authorize the vacation or correction of an award; and hence, in order to prevent a fail-

---

* *Garrebrant* v. *Continental Ins. Co.* 46 Vroom, 577, 584. *Michels* v. *Western Underwriters' Association,* 129 Mich. 417. *Continental Ins. Co.* v. *Garrett,* 60 C. C. A. 395, 399. *Fire Association* v. *Allesina,* 45 Ore. 154, 158. *Early* v. *Providence & Washington Ins. Co.* 31 R. I. 225, 230. *Dixie Fire Ins. Co.* v. *American Confectionery Co.* 124 Tenn. 247, 291. *North British & Mercantile Ins. Co.* v. *Lathrop,* 17 C. C. A. 175. *Georgia Home Ins. Co.* v. *Kline & Co.* 114 Ala. 366, 371.

ure of justice, the merits of an award were examined in actions at law. *Bean* v. *Farnam*, 6 Pick. 269, 273. *Strong* v. *Strong*, 9 Cush. 560, 568. *Boston Water Power Co.* v. *Gray*, 6 Met. 131. *Mickles* v. *Thayer*, 14 Allen, 114, 122. It is open to the plaintiff, suing on his original cause of action, to show the invalidity of an award, as well as to a defendant, who may offer it in bar to an action on such award. *Rollins* v. *Townsend*, 118 Mass. 224. It is not necessary to determine whether under any circumstances relief against such an award may be had in equity.

Numerous cases have gone to the extent of holding that one appointment of referees satisfies the obligation of a policy quite as strong in its terms as the one here in suit, or even that an insured may recover unless it appears that the award has failed through his fault.* The reasoning and conclusions of these cases are contrary to *Hood* v. *Hartshorn*, 100 Mass. 117, 121, and hence could not be followed. But they support the result here reached.

The argument of the defendant that the plaintiff has accepted and ratified the award by receiving the amount determined to be the value of a part of insured property finds no support in the record and need not be considered.

The declaration sets out a contract of fire insurance and a total loss of the property thereby insured together with compliance with the condition precedent to the effect that there must be a reference of the loss to referees, and averments that their award is invalid, an offer of the plaintiff to proceed to a new arbitration, and refusal to join therein by the defendant and insistence on its part of the validity of the award already made. This sets out a cause of action on the policy. *Christianson* v. *Norwich Union Fire Ins. Society*, 84 Minn. 526. *Young* v. *Ætna Ins. Co.* 101 Maine, 294. *Fire Association of Philadelphia* v. *Appel*, 76 Ohio St. 1. *Bernhard* v. *Rochester German Ins. Co.* 79 Conn. 388, 396.

Questions as to the further procedure in view of what has been decided have not been argued and are not now before us.

*Judgment reversed.*

*Demurrer overruled.*

---

* *Western Assurance Co. of Toronto, Canada* v. *Decker*, 39 C. C. A. 383. *St. Paul Fire & Marine Ins. Co.* v. *Kirkpatrick*, 129 Tenn. 55, 65. *Shawnee Fire Ins. Co.* v. *Pontfield*, 110 Md. 353. *Jerrils* v. *German American Ins. Co.* 82 Kans. 320. *Pretzfelder* v. *Merchants Ins. Co.* 124 N. C. 164, 165.