THE INHABITANTS OF THE TOWN OF JONESPORT

*vs.*

THE INHABITANTS OF THE TOWN OF BEALS.

Washington.     Opinion, February 8, 1932.

*Oscar H. Dunbar*, for plaintiffs.
*Ryder & Simpson*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

BARNES, J. The legislature, in 1925, by appropriate act di-
vided the town of Jonesport, establishing a part of the region then
Jonesport to be another municipality, the town of Beals, and fixed
the bounds of the latter.

The Act, Chapter 97 of the Private and Special Laws of 1925,
would become effective 90 days after the recess of the legislature
passing it, in this case on July 10, 1925.

The Act further provided, "all moneys raised for municipal pur-
poses in the town of Jonesport for the year nineteen hundred and
twenty-five of every kind and nature shall be divided proportion-
ately between the towns of Beals and Jonesport taking into ac-
count the number of months remaining in the municipal year and
in proportion with the valuation of the town of Beals and the town
of Jonesport. The sums to be apportioned for the town of Jones-
port and the town of Beals shall be determined and decided by the
county commissioners of Washington County and their decision
shall be final and binding upon both parties."

The last section of the Act is as follows: "Sec. 4. All the prop-
erty, whether real or personal of the town of Jonesport shall be
the property of the town in which it is now located. All property
now in the town of Jonesport shall be appraised by the county
commissioners of Washington County, and each town shall be
charged with the appraised value thereof. The difference between
the appraisal of the property taken by each town shall be paid
by the town taking the larger amount, and shall be divided between
the two towns in proportion to the valuation of their respective
territories, as taken by the assessors in April, nineteen hundred

and twenty-four. All books, papers and records of the town of Jonesport shall be retained by said town of Jonesport and they shall be accessible to the inhabitants of each town at proper times."

The commissioners of Washington County met and assumed to act under the authority granted them by the Act on July 7-9, 1925.

What they then did is now conceded to have been void, as done prematurely.

On April 14, 1931, the full board of three men who by admission of the parties hereto were then the duly qualified county commissioners of the county of Washington, after notice given, met at Machias to perform the duties incumbent on them under the Act.

Two of the three selectmen of Jonesport, with its counsel, were present, as also the three selectmen of Beals.

Some "discussion" was then and there had, and at its termination the meeting adjourned, "to meet at Jonesport and Beals," on the next day.

On the following day none of the selectmen attended the adjourned meeting, but the commissioners proceeded with their duties, and in due time filed what they considered the proper award.

Upon this an action of debt was brought and hearing had before the Superior Court, without jury, and with right of exception reserved to either party in matters of law.

Continuing in the words of the bill of exceptions: "At the close of the evidence the presiding Justice ordered judgment for the defendants by which finding the plaintiffs were aggrieved and duly excepted thereto, and pray that their bill of exceptions may be allowed."

It appears from the findings of the commissioners that an attempt was made to adjust all claims that either town had against the other; and since it is highly desirable that such claims be settled we proceed to determine whether the judgment excepted to is error of law.

Division of its territory can be made only by the state, and the legislature is the branch of the government to make such division, but any power not legislative in character which the legislature may exercise, it may delegate. 12 C. J., 840.

The legislature properly concluded that moneys raised for municipal purposes in the town of Jonesport for the year nineteen hundred twenty-five should be divided between the towns of Jonesport and Beals, and delegated that duty to the county commissioners of Washington County. The service required of the commissioners in apportioning the moneys from tax returns of 1925, is not of legislative character, and could be delegated.

It is not questioned that the county commissioners of 1925 would have been competent to act, but they failed to do so.

Three men who are admitted to have been, in 1931, the regular and duly qualified commissioners of Washington County, in April of that year essayed to perform the duties delegated by the legislature.

It is argued that the county commissioners for the year 1931 could not serve, because the personnel of the commission is not the same as when the bill was enacted.

This objection is without force. Nothing could be done by the commissioners until ninety days after adjournment of the legislature. Within that period, death might remove any one or all the commissioners.

Government must go on, though public servants die, and the duty falls upon the men as individuals who for the time being hold the offices designated. *Machias River Co.* v. *Pope et al*, 35 Me., 19.

That six years had nearly elapsed before the county commissioners acted is not a fatal objection.

The legislature fixed no limit to the time within which the commissioners should act, and the reasoning in *Auburn* v. *Paul*, 113 Me., 207, a somewhat analogous case, leads us to hold that the service proferred was timely; the legislature having failed to fix a limitation of time, the court is without authority to do so.

It is claimed that no notice of the April meeting was given the parties.

The giving of notice of the meeting of a board of arbitrators in a case such as this is required. *Auburn* v. *Paul*, supra. But in such case, actual notice will suffice. *Second Soc. of Universalists* v. *Ins. Co.*, 221 Mass., 518; Ann. Cas. 1917 E., 491.

Under Section 4 of the Act the commissioners were charged with the duty of making appraisals and computations.

At the end of the session held in Machias, the commissioners adjourned their meeting, to continue with their deliberations next day at Jonesport and Beals. Such continuance was objected to as unlawful because depriving parties of their rights.

But, all matters requiring testimony may have been considered at Machias before adjournment. If so, and if inspection of properties and accounts remained for the commissioners, no harm was done if the adjournment was had as recorded.

Such has ever been the practice of county commissioners and arbitrators. Their inspection of schoolhouses and school lots must precede appraisal, and the presence of any or all the selectmen of the towns would provide nothing to aid them.

And it has been held that the rule of definite notice does not extend to mere routine or detail proceedings, the performance of which *ex parte* could not possibly prejudice the rights of either party. See *Small* v. *Trickey*, 41 Me., 507, where "no witnesses were examined, and no evidence was heard," when the referees met after adjournment of the session for introduction of proof.

We hold that the proper parties were acting at the time authorized, and that any informality in connection with notice and adjournment in no way prejudiced the rights of the parties.

The principal objection, as we understand the record, is that the Court erred in not sustaining the award. He must have found that the award of the commissioners was, in substance, wrong.

With this conclusion we agree. From the record we learn that the commissioners failed to include in their property lists all articles of property owned by Jonesport on July 10, 1925, and did include as property certain real estate in which another had title. Because of these errors on the part of the commissioners we conclude that verdict for defendants was warranted, and the entry will be:

*Exceptions overruled.*